OPINION. ARUndell, Judge: In the absence of adequate books of account, respondent determined petitioner’s tax liability for the years 1942, 1943, and 1944 on what is commonly called a net worth basis. In onr findings of fact, we have set forth the assets owned by petitioner at the close of business as of December 31,1941, 1942, 1943, and 1944. These facts were agreed to by petitioner and entered the record in this case by way of a stipulation of the parties. There were also stipulated, and we have set forth as facts, certain other items such as the amount of Wolf’s living and personal expenses during the several years in question. In the stipulation of facts as agreed to by the parties, there appears the following reservation and statement: “Nothing contained in this stipulation shall preclude the petitioner, Abraham Wolf, from introducing evidence to show the existence of assets other than those stipulated herein at December 31, 1941 and the existence of liabilities at December 31, 1943 and 1944.” At the trial of this case, the only witness on behalf of petitioner to take the stand was Wolf himself. In support of his contention that he was the owner of assets as of December 31,1941, in excess of those set forth in our findings, Wolf testified that he had a little box that he kept in a closet in his home and as of that date it contained approximately $50,000. It was testified during the trial by witnesses for the respondent, and also by Wolf personally, that during the long months when this case was under investigation and an effort was being made to work out the amount and nature of Wolf’s assets, he never once mentioned to Government agents the presence of this little box of money, nor did petitioner’s representatives, who were working with the Government agents, advise them of the presence of this box of money. It was when Wolf took the stand at the trial of this case that for the first time mention appears of the ownership of this large sum of money. Wolf testified that his wife knew of the box, but no one else, but he did not call his wife to corroborate his testimony. The vagueness and noncommittal nature of his testimony and his manner of testifying on the stand did not impress us as to the truth of his statements and we are unwilling to find that he had this large sum of money in the little box as of December 31, 1941, or that he had any substantial assets in addition to those set forth in our findings. In further support of his contention that he did not have income in the amount that the increase in net worth would indicate, Wolf testified that he had borrowed from various friends sums of money, approximating some $9,000, and therefore such portion of his assets represented borrowed funds. We can not find, however, from the record with any definiteness when the alleged borrowings were made or when they were repaid. No corroborative evidence of these debts was offered and not one of the persons from whom Wolf claimed to have borrowed money was called to testify. But even if we should be willing to accept Wolf’s testimony that he had the little box with $50,000 in it and had borrowed these sums of money, there would still be over the several years approximately $38,000 unaccounted for. In so far as the deficiencies in tax are concerned, the burden of proof rested on the petitioner and, in our opinion, he has completely failed to carry it. The tax liability will, therefore, be determined in accordance with our findings of fact. There remains for consideration the nature of the so-called 50 per cent fraud penalties. The burden rests on the respondent to prove by clear and convincing evidence that some part of the deficiencies is due to fraud, with intent to evade tax. Secs. 293 (b) and 1112, I. It. C. We think that respondent has met his burden. In M. Rea Gano, 19 B. T. A. 518, we stated (p. 532): To establish fraud by direct proof of intention is seldom possible. Usually it must be gleaned from the several transactions in question and the conduct of the taxpayer relative thereto. Where over a course of years an intelligent taxpayer and business man has received income in substantial amounts, as shown by this record, and has failed to report that income, and where no books or records were kept by him and no tenable explanation was offered for the failure to report the income received, the burden of the respondent, in our judgment, is fully met. We think this conclusion is amply supported by authority. As stated by the Circuit Court of Appeals for the Sixth Circuit in Rogers v. Commissioner, 111 Fed. (2d) 987, affirming 38 B. T. A. 16: * * * Discrepancies of 100% and more between the real net income and the reported income for three successive years strongly evidence an intent to defraud the Government. The Board did not err in deciding that 50% penalties should be assessed. Victor A. Dorsey, 33 B. T. A. 295; Frank A. Weinstein, 33 B. T. A. 105. The contention of the petitioner that the fraud penalty can not be applied to the entire deficiency where only part of the deficiency arises from fraud, or where part of the tax has been paid prior to the receipt of the deficiency notice, has been well settled adversely to this contention in prior decisions. See sec. 293 (b), I. It. C.; J. S. McDonnell, 6 B. T. A. 685; Russell C. Mauch, 35 B. T. A. 617; Aaron Hirschman, 12 T. C. 1223. The petitioner has alleged as error the failure of the Commissioner to apply the provisions of the Current Tax Payment Act of 1943. Since we have found that part of the deficiency in 1942 was due to fraud, with intent to evade taxes, the petitioner is not entitled to the benefit of the forgiveness feature of section 6 of that act. Max Cohen, 9 T. C. 1156, 1167; Estate of Charles Louis Reimer, 12 T. C. 913. Decisions will loe entered under Rule 50.