Z. W. KOBY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21637. Promulgated June 7, 1950.

*Morton S. Zaller, Esq.*, and *Bennet Kleinman, Esq.*, for the petitioner.

*William R. Bagby, Esq.*, for the respondent.

OPINION.

HARRON, *Judge*: The principal issue in this proceeding is whether respondent erred in requiring that petitioner's gross income for the year 1942 be adjusted to reflect a necessary change from the cash to an accrual basis of accounting in the method under which petitioner reported his income. The adjustments made by respondent were: (1) Opening inventory on January 1, 1942, was disallowed as part of the cost of goods sold because it represented purchases which had been deducted as expenses in prior years on the cash basis, and, if in the year of change from the cash to an accrual basis the opening inventory was included in cost of goods sold, the petitioner would receive the advantage of a double deduction of this expense; (2) accounts receivable on hand January 1, 1942, were added to income for the year 1942 because, since they were not properly includible in income of prior years under the cash basis, if they were not included in income in the year of change from the cash to an accrual basis, they would escape taxation entirely; (3) the parties agree that if the adjustments in inventory and accounts receivable are proper, a similar adjustment in accounts payable must also be made.

Under section 41 of the Internal Revenue Code, respondent had the authority to require petitioner to report his income for 1942 in accordance with a method of accounting which clearly reflected his income. See *Brown* v. *Helvering*, 291 U. S. 193; *Lucas* v. *American Code Co.*, 280 U. S. 445. Petitioner agrees that for the year 1942, and for many years prior thereto, he should have reported his income on an accrual basis, since that is the only method of accounting which correctly reflects the income of a business in which the purchase and sale of merchandise is an income-producing factor. See Regulations 111, secs. 29.22(c)–1, 29.41–2. Petitioner objects, however, to the adjustments in gross income made by respondent in changing petitioner's returns from the cash to an accrual basis, and contends that these adjustments represent an attempt by respondent to correct in 1942 errors in returns of previous years. The correctness of the amounts of the adjustments is not disputed.

A similar question as to the propriety of making such adjustments in the year in which the Commissioner required that the method of reporting income be changed from the cash to an accrual basis was

before us in *C. L. Carver*, 10 T. C. 171, 174; affd., 173 Fed. (2d) 29. In holding that the adjustments were proper, we said:

We do not know, nor are we concerned with, why the respondent did not make a change in petitioner's method of reporting income in some previous year. It may have been due to error or oversight or lack of information. One assumption is as good as another. See *Niles Bement Pond Co.* v. *United States, supra* [281 U. S. 357]. We deem this immaterial. Section 41 of the Internal Revenue Code provides that the net income for income tax purposes shall be computed in accordance with the method of accounting regularly employed by the taxpayer in keeping his books, unless such method does not clearly reflect income, in which case such method as, in the opinion of the Commissioner, does clearly reflect income, shall be used. It was within the power of the petitioner to have effected the change in the method of reporting his income by requesting permission of the Commissioner so to do. This, petitioner knew. Why he did not do so is not shown by the record, nor is it material to the issue. The fact is respondent, in 1941, determined that the change from the cash to the accrual method of computing income should be employed. This was within his jurisdiction and authority. Petitioner does not contest the accuracy of the amounts of adjustments made. As above observed, the record does not establish that in so doing respondent acted without authority or erroneously. As stated in *Schuman Carriage Co., Ltd.*, 43 B. T. A. 880: "The failure of the petitioner to make its returns consistently upon the accrual basis may place it in an unfortunate position. But for this situation the petitioner is alone to blame."

As in *C. L. Carver*, respondent in this proceeding properly has determined that petitioner should report his income for 1942 on an accrual basis. This necessitates a change in 1942 from the cash to an accrual method, and certain adjustments in gross income for that year are necessary to effect this required change. In making the adjustments, respondent did not act without authority or erroneously. In *William Hardy, Inc.* v. *Commissioner*, 82 Fed. (2d) 249, the Commissioner determined that an accrual basis was necessary for the year in question in order clearly to reflect the income of a taxpayer who had previously been on the cash basis. The Commissioner made adjustments in that taxpayer's gross income for the year in question similar to those in dispute in the instant proceeding. The Court of Appeals held that the adjustments were proper and said:

In putting the petitioner on the accrual basis in 1925, the commissioner, bound to do it in a way that would clearly reflect its income, was not required to adhere strictly to a stereotyped accrual form of accounting. It is obvious that there must be some leeway in making the change from the cash basis in order that the income for the first taxable period under the changed method of reporting will be reflected accurately. To permit the deduction of opening inventory which has already been deducted from income in previous years would allow that to be used twice as a deduction and would result in computing the petitioner's taxable income in an amount that much less than its actual income subject to taxation. To prevent this it was proper to include the opening inventory as the board did. See *Appeal of Barbas*, 1 B. T. A. 589.

Petitioner cites *Greene Motor Co.*, 5 T. C. 314, and *Estate of Samuel Mnookin*, 12 T. C. 744 (on appeal to the Eighth Circuit). But those cases involved the propriety of increasing the income of one year by an amount erroneously excluded from income in a prior year and are readily distinguishable from the issue in the present proceeding. The opinions in those cases distinguish the *C. L. Carver* and *William Hardy, Inc.*, cases, *supra*, on the ground that the latter cases involved adjustments made necessary by a change in the method of reporting income from the cash to an accrual basis, while the taxpayers in the *Greene* and *Mnookin* cases had consistently followed an accrual method of accounting and no change in the method of reporting income was necessary. But the adjustments in dispute in this proceeding are made necessary by a change in 1942 from the cash to an accrual basis in petitioner's method of reporting income, and the *C. L. Carver* and *William Hardy, Inc.*, cases are directly in point.

It is held that the adjustments made by respondent in petitioner's gross income for 1942 were proper.

A further issue is raised by petitioner's plea of the statute of limitations. The deficiency notice was concededly mailed subsequent to the expiration of the three-year period of limitation prescribed as the general rule in section 275 (a) of the Internal Revenue Code. Respondent, however, asserts that it was nevertheless timely as being within the five-year period specified in section 275 (c) for cases in which "the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return." Under the first issue, we have held that the adjustments made by respondent in petitioner's gross income for 1942 were proper. These adjustments result in the addition to petitioner's taxable income of an amount which is concededly in excess of 25 per cent of the total gross income shown on either petitioner's original or his amended returns for the years 1942 and 1943. But petitioner contends that, as the adjustments which result in the deficiency herein were made in his 1942 tax return, the respondent's assessment of the deficiency is barred by the fact that the deficiency notice was mailed on November 10, 1948, more than five years after March 15, 1943, the date on which petitioner filed his return for 1942. Respondent argues, however, that the deficiency notice was timely, since the petitioner omitted from gross income more than 25 per cent of the amount properly includible therein and the deficiency was assessed within five years of March 15, 1944, the date on which petitioner filed his return for 1943. The question under this issue, therefore, is whether the five-year period of limitation against adjustments in petitioner's income for the year 1942 properly runs from March 15, 1943, or from March 15, 1944.

A question similar to the one which petitioner here raises as to the period of limitation was before us in *Lawrence W. Carpenter*, 10 T. C. 64, and was decided adversely to the contention of the taxpayer. In that case, the Commissioner determined a deficiency against the taxpayer for the year 1943 based upon adjustments to his taxable income for the year 1942. The notice of deficiency was mailed more than three years after the taxpayer filed his 1942 return, but less than three years after he filed his 1943 tax return. The issue in that case was whether the three-year limitation period embodied in section 275 (a) ran from the date on which the taxpayer filed his 1942 return, or from the date on which he filed his 1943 return. In holding that the forgiveness provisions of the Current Tax Payment Act of 1943 in effect combined the taxes for the years 1942 and 1943 into an indivisible whole, so that under section 275 (a) the period allowed the Commissioner in which to make adjustments in the taxpayer's 1942 income tax return for the purpose of determining a deficiency for the year 1943 was three years from the date on which the 1943 return was filed, we said:

Considerable clarity can be achieved in the disposition of the question before us by keeping in mind the income tax return under consideration. It is the 1943 return.

From the effective date of the Current Tax Payment Act of 1943 the petitioner no longer possessed the right to file a petition with the Tax Court for a redetermination of the 1942 income tax liability as such. That tax liability, with the operation of the Current Tax Payment Act, became discharged as of September 1, 1943. After that date there was no longer any purpose to be served by the statute of limitations controlling the assessment of the 1942 tax because the tax liability itself for that year was wiped out. Any taxpayer aggrieved by the Commissioner's computation of the amount equal to 25 per cent of the 1942 tax liability which the law directed should be added to the 1943 tax liability, retained his remedy for any error in the 1942 computation in the filing of a petition for a redetermination of the 1943 tax. In fact, that is just what the taxpayer herein has done. The amount which the Commissioner computed to be 25 per cent of the 1942 tax became an integral part of the 1943 tax liability and when the taxpayer would procure a redetermination of the 1943 tax he had an adequate and ample remedy.

Therefore, since the taxpayer had no right to a redetermination of the 1942 tax liability and since the Commissioner, after he had determined 25 per cent of the 1942 tax liability, could do nothing more towards the collection thereof than include such an amount in his determination and assessment of the 1943 tax, then there was obviously no purpose for the Commissioner or advantage for the taxpayer in the Commissioner making any assessment of the 1942 tax, even if he were empowered so to do. * * *

See, also, *Fred B. Snite*, 10 T. C. 523; affd., on another issue, 177 Fed. (2d) 819; *Estate of Carr V. Van Anda*, 12 T. C. 1158.

The petitioner seeks to distinguish the *Carpenter* case on the ground that there the only question was whether the Commissioner could make

adjustments to the taxpayer's 1942 income for the purpose of determining the 1943 tax, on which the statute of limitations had not yet run, whereas the question in the instant proceeding is whether the Commissioner, in order to invoke the five-year limitation period against assessment contained in section 275 (c), may rely on the petitioner's omission from gross income for 1942 of an amount which is in excess of 25 per cent of the amount of gross income reported for the years 1942 and 1943.[1] We do not believe, however, that this is a valid ground upon which to distinguish the *Carpenter* case. Although subsection (c) of section 275 is an exception to the general limitation period contained in subsection (a), both subsection (a) and subsection (c) deal with the period of limitation against assessment after a return is filed. The question under both subsections is whether assessment was made within the requisite period after the return for the year in question was filed. It must be borne in mind that respondent has not determined any deficiency for the year 1942. The only year in question in this proceeding is 1943, although the forgiveness provisions of the Current Tax Payment Act of 1943 require that the petitioner's income for 1942 be considered in arriving at his tax liability for 1943.[2]

---

[1] The pertinent parts of section 275 are as follows:
"SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

\* \* \* \* \* \* \*

"(a) GENERAL RULE.—The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

\* \* \* \* \* \* \*

"(c) OMISSION FROM GROSS INCOME.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed."

[2] The pertinent part of the Current Tax Payment Act of 1943 is as follows:
"SEC. 6.—RELIEF FROM DOUBLE PAYMENTS IN 1943.

\* \* \* \* \* \* \*

"(b) TAX FOR 1942 GREATER THAN TAX FOR 1943.—In case the tax imposed by Chapter 1 of the Internal Revenue Code upon any individual \* \* \* for the taxable year 1942 (determined without regard to this section, without regard to interest or additions to the tax, and without regard to credits against the tax for amounts withheld at source) is greater than the tax for the taxable year 1943 (similarly determined), the liability of such individual for the tax imposed by such chapter for the taxable year 1942 shall be discharged as of September 1, 1943, except that interest and additions to such tax shall be collected at the same time and in the same manner as, and as a part of, the tax under such chapter for the taxable year 1943. In such case the tax under such chapter for the taxable year 1943 shall be increased by—

"(1) the amount by which the tax imposed by such chapter for the taxable year 1942 (determined without regard to this section and without regard to interest and additions to such tax) exceeds the tax imposed by such chapter for the taxable year 1943 (determined without regard to this section, without regard to interest and additions to such tax, and without regard to credits against such tax under section 466 (e) or under section 35 of such chapter), plus

"(2) if the tax for the taxable year 1943 (determined without regard to this section, without regard to interest or additions to the tax and without regard to credits against such tax under section 466 (e) or under section 35 of such chapter) is more than $50,

We believe that the reasoning quoted *supra* from the *Carpenter* case is no less applicable to the five-year limitation period contained in subsection (c) of section 275 than it is to the three-year limitation period embodied in subsection (a) of that section. It is held that respondent's adjustments in petitioner's income for 1942 were made within the period of limitation contained in section 275 (c).

*Decision will be entered for the respondent.*

an amount equal to 25 per centum of the tax for the taxable year 1943 (so determined) or the excess of such tax (so determined) over $50, whichever is the lesser. Such amount shall in no case exceed 25 per centum of the tax for the taxable year 1942 (determined without regard to this section and without regard to interest and additions to such tax) or the excess of such tax (so determined) over $50, whichever is the lesser."