E. E. Carroll v. Commissioner.
Carroll v. Commissioner
Docket No. 25570.
United States Tax Court
1951 Tax Ct. Memo LEXIS 343; 10 T.C.M. (CCH) 84; T.C.M. (RIA) 51022; January 25, 1951
*343 Held, respondent is not barred by the statute of limitations from determining a deficiency for the year 1943. Z. W. Koby, 14 T.C. 1103, followed. Paul A. Sayre, Esq., for the petitioner. John H. Pigg, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in petitioner's income tax as follows: Year
Deficiency
1943
$12,434.60
1944
18,894.20
1945
25,259.85
All but one of the errors originally alleged have been settled by the parties, leaving only the issue as to the applicability of the statute of limitations to the year 1943. The parties entered into a "Stipulation of Facts and of Deficiencies" in which they agreed: - That there are deficiencies in Federal income tax due from this petitioner for *344 the taxable (calendar) years 1944 and 1945 in the respective amounts of $11,587.17 and $15,045.86, and that the Court may enter its decision accordingly. That if the Court should determine and hold that the assessment of a deficiency in respect of petitioner's taxable (calendar) year 1943 is not barred by the applicable statute of limitations, then, and in that event, there is a deficiency in Federal income tax due from the petitioner for the taxable year 1943 in the amount of $7,216.10, and that the Court may enter its decision accordingly. That by reason of the foregoing, all the assignments of error contained in petitioner's petition have been satisfactorily disposed of by and between the parties hereto, except that contained in paragraph 4 (g) of the petition, relating to the statute of limitations. [The determination of the additional taxes as set forth in the said notices of deficiency is based upon the following errors: * * * (g) The respondent erred in giving notice of a deficiency and in asserting a deficiency for the year 1943 for the reason that the time limited by law for making an assessment for said year has expired and the assesment should not be made either under *345 Section 275-a or 275-c of the Internal Revenue Code.] That with respect to the assignment of error so contained in paragraph 4 (g) of the petition, the following facts are true and may be so taken and considered by the Court as offered in evidence by the parties in this proceeding: [The Facts] (a) Petitioner's returns for the years 1942 and 1943 were filed with the collector for the district of Oregon. (b) On March 15, 1943, petitioner filed his income tax return for the year 1942, reporting thereon gross income of $23,637.08. On April 15, 1944, petitioner filed his income tax return for the year 1943, reporting thereon a gross income of $12,960.49. (c) The deficiency in income tax for the year 1943 as set forth and referred to above, was arrived at and agreed upon by and between the parties hereto upon the basis that petitioner's correct gross income for the year 1942 is $35,300.97, and that his correct gross income for the year 1943 is $15,091.39. For the purposes of this proceeding such amounts may be considered and accepted by the Court as correct. (d) During the month of February 1949, the petitioner and the respondent entered into a certain written agreement *346 captioned "Consent Fixing Period of Limitation Upon Assessment of Income and Profits Tax," reading as follows: "In pursuance of the provisions of existing Internal Revenue Laws E. E. Carroll, a taxpayer of 5329 N. E. Sandy Boulevard, Portland, Oregon, and the Commissioner of Internal Revenue hereby consent and agree as follows: "That the amount of any income, excess profits, or war-profits taxes due under any return (or returns) made by or on behalf of the above-named taxpayer for the taxable year ended December 31, 1943 under existing acts, or under prior revenue acts, may be assessed at any time on or before June 30, 1950, except that, if a notice of a deficiency in tax is sent to said taxpayer by registered mail on or before said date, then the time for making any assessment as aforesaid shall be extended beyond the said date by the number of days during which the Commissioner is prohibited from making an assessment and for sixty days thereafter. Provided, however, that the taxpayer does not waive hereby any statute of limitations which has run heretofore in favor of the taxpayer." The above-quoted agreement was duly executed by petitioner on February 1, 1949, and on behalf *347 of respondent on February 8, 1949. (e) The involved notice of deficiency covering petitioner's taxable year 1943 was sent by respondent to petitioner by registered mail on August 9, 1949. To summarize the critical dates, petitioner's return for 1943 was filed April 15, 1944. The "waiver" as to 1943 was executed by petitioner on February 1, 1949, and by respondent on February 8, 1949. The notice of deficiency was mailed August 9, 1949. [Opinion] Petitioner contends that respondent may not consider 1942 income in his determination of the 1943 deficiency, it being necessary for respondent to look to 1942 income to make up the 25 per cent of the "gross income stated in the return" for 1943. (Section 275 (c).) Petitioner concedes that if respondent may so look to the 1942 return, the 5-year statute of limitations had not run and decision should be against him. The respondent relies on the 5-year limitation provided by section 275 (c), section 6 of the Current Tax Payment Act of 1943, and cites (on appeal CA-6), and cases cited and considered therein, notably . Petitioner admits that the Koby *348 case is probably against him. We are of the opinion that the principles and considerations on which the Carpenter and Koby cases rest are equally applicable here and, accordingly, it must be held that the statute of limitations did not bar respondent's action for the year 1943. Decision will be entered under Rule 50.