OPINION. Rattm, Judge: At the outset, we reject respondent’s preliminary contention that whatever gift was made to the Red Cross was made by Dolan, rather than by the petitioner. The two deeds must be read together as component parts of an integrated transaction, and it is fanciful to suggest that petitioner merely made a gratuitous transfer to Dolan. On the other hand, neither do we agree with petitioner’s position that she made a series of annual gifts measured by the rental value of the property for each year. Although petitioner testified that she intended that the Red Cross-should have the use of the property from year to year, and indeed such may have been her view of the transaction, the fact is that she made a single completed gift in 1942. The Red Cross did not take over the property as a tenant at will, or from month to month, or from year to year. It was given a present, immediate, irrevocable interest in the property of indefinite duration. Its interest could not be terminated by petitioner during the period described in the habendum clause. The Red Cross received a freehold in the nature of a determinable fee. See 1 Tiffany, Real Property (3d Ed.), § 220; 1 Fearne, Remainders (4th Am. Ed.), p. 381, n; First Universalist Society v. Boland, 155 Mass. 171; Lyford v. Laconia, 75 N. H. 220; but cf. Gray, Rule Against Perpetuities (4th Ed.), §§ 13, 31 et seq. When the transfer was completed, it became the owner of the property, subject to a right of re-verter in the petitioner in accordance with the terms of the deed. Thus, petitioner was no longer liable for real estate taxes with respect to the property, and in fact paid none after March 30,1942. We hold that petitioner made a gratuitous transfer to the Red Cross on March 30, 1942, and that she is entitled to a deduction from her 1942 gross income measured by the fair market value of her gift, within the limitations of Section 23 (o). It is not disputed that, by reason of the 15 per cent limitation in Section 23 (o), the maximum amount of deduction allowable with respect to this charitable contribution would be less than $2,400. Accordingly, since we have found that the value of the property interest given by petitioner to the Red Cross in 1942 was not less than $2,400, she is entitled to a deduction for 1942 in an amount sufficient to absorb the full 15 per cent permissible under the statute. In view of this holding it is unnecessary to reach petitioner’s second issue that the year 1942 is barred by limitations, although, as she recognizes, that point has been decided against her in at least several cases. Lawrence W. Carpenter, 10 T. C. 64; Fred B. Snite, 10 T. C. 523, affd. on other grounds (CA-7), 177 Fed. (2d) 819; William W. Todd, 10 T. C. 655; Estate of Carr V. Van Anda, 12 T. C. 1158; Z. W. Koby, 14 T. C. 1103. Nor is it necessary to reach respondent’s alternative position, for his proposed additional assessment based upon the inclusion of the rental value of the property in petitioner’s gross income is conditioned upon a decision that petitioner made a charitable contribution of the rental value of the property. Since we have made no such ruling, there is no occasion to consider that question. We hold that petitioner has not made gifts of the rental value of the property in 1912 and 1943, but that she has made a completed gift in 1942 which is deductible within the limitations imposed by the statute. Decision will be entered under Rule 50.