Marion Richard Schuyler and Harriette Mason Schuyler v. Commissioner.
Schuyler v. Commissioner
Docket No. 28108.
United States Tax Court
1951 Tax Ct. Memo LEXIS 235; 10 T.C.M. (CCH) 439; T.C.M. (RIA) 51133; May 11, 1951
*235 Petitioners owned and operated a hotel, a part of their business involving purchase and sale of merchandise. Held, respondent was correct in requiring petitioners to use inventories in reporting income for tax purposes, but petitioners can take into account opening as well as ending inventories for the taxable year. George A. Reed, Esq., for the petitioners. Sheldon V. Ekman, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in income tax of $2,118.96 for the taxable year 1947. The sole issue is whether respondent, in determining *236 that use of inventories was necessary in order to properly reflect petitioner's income, was correct in including in petitioner's gross income for 1947 the ending inventory of $5,010.85 without taking into account the opening inventory for that year. Findings of Fact Petitioners, husband and wife, owned and operated the Naples Hotel, Naples, New York. They have conducted the business since 1926. Their joint income tax return for 1947 was filed with the collector of internal revenue for the twenty-eighth district of New York at Buffalo, New York. Petitioners have always filed their tax returns, including that for the calendar year 1947, on the cash basis. In connection with their hotel business petitioners purchased and sold certain merchandise, such as cigars, cigarettes, tobacco, food, wine, liquor, and beer. In about 1943 they began to take inventories and continued to do so through the taxable year. The amount of the inventories was recorded on petitioners' books. Petitioners' opening inventory for the calendar year 1947 was $5,048.86; its ending inventory for 1947 was $5,010.85. In determining the deficiency, respondent adjusted petitioners' income, in part, as follows: *237 "Unallowable deductions and additional income: * * *
(d) Ending inventory… $5,010.85" * * *
The explanation given for the adjustment was: "(d) It is held that the use of an ending inventory is necessary in order to correctly reflect income of the taxable year." Opening inventory was not taken into account, nor were other adjustments made by respondent in order to place petitioners on an accrual method of reporting income for the taxable year in question. Opinion RICE, Judge: Section 22 (c) of the Internal Revenue Code requires the use of inventories wherever "the production, purchase, or sale of merchandise is an income-producing factor." The respondent is authorized, under section 41 of the Internal Revenue Code, to compute a taxpayer's income in "accordance with such method as in the opinion of the Commissioner does clearly reflect the income" whenever the method employed by the taxpayer does not do so. Since a portion of petitioners' business involved the purchase and sale of food, beer, wine, liquor and tobacco products, the respondent was correct in determining that use of inventories necessary to clearly determine *238 petitioners' income. See Z. W. Koby, 14 T.C. 1103 (1950). Whether the books of the taxpayer properly reflect income is the distinguishing factor in cases such as this. Cf. Commissioner v. Mnookin's Estate, 184 Fed. (2d) 89 (C.A. 8, 1950); Robert G. Frame, 16 T.C. (No. 73), promulgated March 8, 1951. In this case respondent's only change was to require petitioner to use inventories. Such inventories had been carried on petitioners' books since 1943 and no change in their method of accounting was required to reflect inventories. Petitioners therefore are entitled to take into account their opening inventory for 1947 of $5,048.86 in determining their income tax liability for the year. The cases cited by respondent have previously been distinguished in Robert G. Frame, supra; Estate of Samuel Mnookin, 12 T.C. 744 (1949), affd., 184 Fed. (2d) 89 (C.A. 8, 1950); and Greene Motor Co., 5 T.C. 314 (1945). Decision will be entered under Rule 50.