Daniel Montgomery v. Commissioner.
Montgomery v. Commissioner
Docket No. 26557.
United States Tax Court
1951 Tax Ct. Memo LEXIS 194; 10 T.C.M. (CCH) 560; T.C.M. (RIA) 51176; June 14, 1951
*194 Petitioner, engaged in the hotel and tavern business, reported his income and kept his books on a cash basis. Since purchase and sale of merchandise were income-producing factors, and inventories should have been used, respondent placed the petitioner on an accrual basis, but did not take into consideration the opening inventory for 1945. Held, since petitioner's books failed to clearly reflect income, opening inventory should not be considered in computing income for 1945. Held, further, petitioner failed to sustain his burden of proof that respondent erred in increasing petitioner's sales income for 1945 in the amount of $6,000. George J. Pfeiffer, Esq., 515 White Bldg., Buffalo, N. Y., for the petitioner. Michael Waris, Jr., Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion
*195 The respondent determined a deficiency in income tax for the year 1945 in the amount of $7,551.33. The issues are whether the respondent erred in (1) not taking into consideration opening inventory where petitioner was changed from a cash to an accrual method of reporting income and closing inventory was used; and (2) increasing petitioner's sales income by $6,000. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein. The petitioner is an individual who has been engaged in the hotel and tavern business for many years, including the year in question. His individual income tax return was filed with the collector of internal revenue for the twenty first district of New York, at Buffalo, New York. Petitioner has always kept his books and filed his tax returns on a cash basis. Inventories were never used in determining income. The purchase and sale of merchandise was an income-producing factor in petitioner's business and it was necessary in order to clearly reflect petitioner's income that his business income be reported on an accrual basis. The inventory as of January 1, 1945, was $24,627.31 and as of December 31, 1945, was *196 $14,742.69. During the year petitioner's purchase of merchandise amounted to $10,629.45. In his income tax return for 1945, he reported purchases of $61,112.51. Respondent did not take the opening inventory into consideration in determining petitioner's gross income for 1945. Sales were rung up on a cash register and the tapes were given to the bookkeeper to be recorded in the books. Petitioner withdrew cash from the register as he needed it and no record was kept in the books of any such amounts. Petitioner was ill during all of 1945. He maintained a two-story home, on Lake Shore near Buffalo, New York, owned a truck, and employed a chauffeur. In his income tax return for 1945, petitioner showed a loss for the year. Petitioner understated sales of his business in the amount of $6,000 in his Federal income tax return for 1945. Opinion RICE, Judge: The parties are agreed that in order to clearly reflect income petitioner should have used inventories. Regulations 111, Section 29.41-2, provides that when inventories are required, an accrual method of accounting should be used. Under section 41 of the Internal Revenue Code, whenever the method of reporting *197 income does not clearly reflect the income, the Commissioner may require that a method which does clearly reflect income be used. The first question, therefore, is whether consideration should be given to the opening inventory for 1945 in computing gross income. Whether the books of the taxpayer correctly reflect the income has been held to be the distinguishing factor in determining whether opening inventory may be considered in computing gross income. See Commissioner v. Mnookin's Estate, 184 Fed. (2d) 89 (C.A. 8, 1950) affirming 12 T.C. 744; Robert G. Frame, 16 T.C. 600 promulgated March 8, 1951. Petitioner has always kept his books on a cash basis. It has been agreed that the accrual basis was necessary to clearly reflect his income. His books, therefore, as kept, did not clearly reflect his income and the respondent did not err in failing to take into consideration opening inventory of 1945 in determining gross income. Z. W. Koby, 14 T.C. 1103 (1950). The next question is whether respondent erred in increasing sales by $6,000. No testimony was offered at the trial that all sales were rung up on the cash register. Neither *198 petitioner, his wife, nor the manager of the business (all persons who would have known) testified. The bookkeeper could not testify to such fact. Nor were any of the cash register tapes introduced to prove the accuracy of the figures recorded in petitioner's books. No explanation was given as to where petitioner got money for living expenses other than that he took cash out of the register as he needed it. Petitioner has failed to sustain his burden of proof to show that the respondent erred in increasing sales by $6,000. Decision will be entered for the respondent.