E. S. ILEY, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28727.[1] Promulgated December 31, 1952.

---

---

[1] Proceedings of the following petitioners are consolidated herewith: E. S. Iley and Cecil Iley, Docket No. 28728 ; T. W. Iley, Sr., Docket No. 28729 ; T. W. Iley, Sr., and Regina Iley, Husband and Wife, Docket No. 28730 ; B. W. Iley, Docket No. 28731 ; B. W. Iley and Inez Iley, Docket No. 28732 ; G. R. Iley, Docket No. 28733 ; and G. R. Iley and Orline Iley, Docket No. 28734.

*Ben F. Foster, Esq.*, for the petitioners.

*D. Louis Bergeron, Esq.*, and *M. C. Maxwell, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge:* The first issue involves the question of fraud. Fraud is never to be presumed. It must be proved by clear and convincing evidence. Moreover, the burden of proving fraud rests on the Government. Addressing ourselves to the facts established, we find abysmal ignorance on the part of the party charged with keeping petitioners' accounts; the business had grown from small beginnings to large proportions, but the capacity of the member of the firm keeping the books did not grow in proportion. He was a farm boy, with a high school education, who had neither training nor experience in keeping proper books. There is ample proof of inaccuracies in the books, most of them to the benefit of petitioners, some, however, of benefit to the Government. Although the bookkeeping was inadequate by any standard, there is no evidence of intentional concealment or deliberate misrepresentation. The errors were patent to any one versed in accountancy. The petitioners were guilty of poor judgment in not having the books audited but poor judgment and ignorance are not tantamount to fraud. There is lacking one essential element, the very heart of the fraud issue, namely, the intent to defraud the Government by calculated tax evasion.

Although intent is a state of mind, it is nonetheless a fact to be proven by the evidence. It must appear as a positive factor. In determining the presence or absence of fraud the trier of the facts must consider the native equipment and the training and experience of the party charged. The whole record is to be searched for evidence of the intent to defraud. In this case, we have studied the record with the extra care such a case deserves; we have noted the demeanor of the witnesses on the stand; we have tested petitioners' conduct by approved standards of ascertainment and have come to the conclusion that petitioners were not motivated by an intent to defraud. Our finding of fact to record this conclusion is dispositive of this issue. Respondent has not proved by clear and convincing evidence that petitioners were guilty of fraud.

The second issue to be determined is the correctness of the respondent's determination that the accrual rather than the cash basis method of reporting should be used in the taxable years in issue. The partnership returned its income and kept its books and records on the cash receipts and disbursements basis. The firm's books and records reflected inventories which were employed to determine gross income.

The applicable section of the Internal Revenue Code [2] provides that if the method of accounting employed by the taxpayer does not clearly reflect the income, the computation shall be made in accordance with such a method as in the respondent's opinion clearly reflects income. Where the purchase and sale of merchandise is an income-producing factor, the accrual method is required to reflect the income of the business. *Z. W. Koby*, 14 T. C. 1103; Regulations 111, sec. 29.22 (c)–1, 29.41–2.

The partnership bought and sold poultry and also dealt in chicken feed and supplies. It is evident that the purchase and sale of this merchandise was an income-producing factor and that inventories were required properly to reflect income. It is similarly evident that the cash basis method employed did not clearly reflect the partnership's income. The petitioners' objection that the amount of inventories carried at any one time was small in comparison with total sales, does not preclude the proper exercise of the respondent's discretion. Petitioners have not proven respondent's determination to be erroneous. On this issue respondent is sustained.

The third and last issue presented is whether the respondent correctly included $33,231.83 in partnership income for the year 1942. That amount constituted the balance of the firm's accounts receivable as of January 1, 1942. The partnership kept its books and records on the cash basis. Accounts receivable and inventories were reflected on its books and inventories were employed in the determination of gross profit. Accounts receivable were not included in sales. This method of accounting did not clearly reflect income for a business in which the purchase and sale of merchandise was an income-producing factor. In such a situation, under the principles set forth in *Estate of Samuel Mnookin*, 12 T. C. 744, affd. 184 F. 2d 89; and *Robert G. Frame*, 16 T. C. 600, affd. 195 F. 2d 166, the respondent may properly include in gross income the accounts receivable as of January 1, 1942. To accomplish accuracy and consistency, the partnership's method of keeping books and records, as well as its method of reporting its income, must undergo a change to the accrual basis. Inasmuch as the method of accounting employed in the partnership's books did not properly reflect income, the respondent is held to have correctly included the opening inventory of 1942 in the partnership's income for that year. *Z. W. Koby, supra; C. L. Carver*, 10 T. C. 171, affd. 173 F. 2d 29.

*Decisions will be entered under Rule 50.*

---

[2] SEC. 41. GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *