Robert G. Frame, Petitioner, *v.* Commissioner of Internal
Revenue, Respondent.

Docket No. 24180. Promulgated March 8, 1951.

*R. J. Cleary, Esq.*, for the petitioner.
*Albert J. O'Connor, Esq.*, for the respondent.

#### OPINION.

Disney, *Judge:* This case involves income tax for the calendar
year 1945. Deficiency was determined in the amount of $44,215.22.
Only a part thereof is involved here. The only question presented is
whether the Commissioner erred in adding to petitioner's net income
$53,390.28 because of the addition to income of petitioner's debit
balance of accounts receivable on his books at the beginning of the
taxable year. The problem is whether the Commissioner, in connec-
tion with requiring petitioner, who had made no change in his method
of accounting, to change from the cash to the accrual method in report-
ing income on his tax returns, properly made the above addition to
petitioner's net income for 1945, from accounts receivable at the end
of 1944. The petitioner agrees that income should be increased by
$19,828.79, which is (except for minor adjustments as to which there
appears no disagreement) the difference between $67,315.25 ("1945
income per books (accrual basis)" according to respondent's computa-
tion before addition of accounts receivable as of January 1, 1945) less
$48,626.55, the amount reported by petitioner for 1945. Thus, in
effect, the petitioner does not object to being placed on an accrual
basis for 1945, but objects to having included in his income for that
year the amount of accounts· receivable at the end of the previous
year.

All facts are stipulated and we ·find them to be as stipulated. It
is not considered necessary to set forth such facts here except as
follows: The petitioner at all times filed his returns, for 1945 and
previous years, on the cash basis; but he had kept the books of a sole
proprietorship, engaged in the electrical installation business, on the
accrual basis. He made no change in the accounting method or ac-

counting period during the years 1942 to 1945, inclusive, and did not request permission of the Commissioner to make any change. The Commissioner added $53,390.28 to petitioner's income for the taxable year. The deficiency notice explains the addition to income as follows:

(b) It is determined that the net profit resulting from the operation of your business during the taxable year, is understated in the amount of $53,390.28.

The first report of an internal revenue agent in 1947, on petitioner's return for 1945, made minor changes (as to rental income and an error in addition) resulting in an overassessment of $725.64, which was paid. No change was made by the agent's report in the income reported from the sole proprietorship. Another internal revenue agent's report in 1949 notified petitioner of the addition of the $53,-390.28 to income, explaining it:

To adjust income from business from the cash basis as reported to the accrual method. See Section 41, Reg. 111. Also to take into consideration, the items of accounts receivable, accounts payable, and accrued expense as of the beginning of the year, which are not reflected in the return for the prior year.

The petitioner relies upon *Estate of Samuel Mnookin*, 12 T. C. 744, which in turn relied upon *Greene Motor Co.*, 5 T. C. 314. The respondent makes no attempt to distinguish either case and states his position as follows:

Respondent's position in this proceeding is that the accounts receivable accrued on the books of account in the taxable years 1942 through 1944, but not reported in petitioner's returns for those years, constituted a part of petitioner's gross income for the taxable year 1945. Respondent's position and argument on this same question were submitted to this Court in *Estate of Samuel Mnookin*, (1949) 12 T. C. 744 (N. A. 1949–2 C. B. 4, on appeal to Eighth Circuit). It is believed that no useful purpose would be served by arguing this question again in the present brief, other than to state, for purposes of the record, that respondent does not agree with the decision of the Tax Court in the *Mnookin* case, and that, in our view, respondent should prevail in the present proceeding on the authority of *Z. W. Koby*, (1950) 14 T. C. [1103] (No. 123); *Schuman Carriage Company, Ltd.*, (1941) 43 B. T. A. 880; *Hardy, Inc.* v. *Commissioner*, (C. A. 2, 1936) 82 F. (2d) 249; and *Carver* v. *Commissioner*, (C. A. 6, 1949) 173 F. (2d) 29.

Since the filing of the briefs of both parties, the *Mnookin* case has been affirmed, *Commissioner* v. *Mnookin's Estate*, 184 Fed. (2d) 89. In the *Koby* case, *supra*, we stated that the *Greene Motor Co.* and *Mnookin* cases were readily distinguishable, pointing out that they involved "the propriety of increasing the income of one year by an amount erroneously excluded from income in a prior year." We find that the respondent is in agreement that the petitioner's method of accounting for the business of the sole proprietorship, on the accrual basis, clearly reflected income, for, as above seen, the respondent states that his position and argument on this same question were submitted in the *Mnookin* case, and the United States Court of Appeals, Eighth

Circuit, in affirming, pointed out that it was in that case conceded that the method of accounting regularly employed by the taxpayer clearly reflected his income; and the respondent not only does not here contend otherwise but upon brief, in stating the question, says that the "petitioner's books of account have consistently used the accrual method of accounting."

The *Mnookin.* case, in the United States Court of Appeals, distinguishes all of the cases, above listed, relied upon by the respondent except the *Koby* case (now on appeal), on the ground that in the *Mnookin* case "the taxpayer's books were at all times kept on the proper basis and no changes in his method of accounting ever occurred or were required * * *," and says:

> In this case there is no suggestion of fraud on the part of Mnookin. All that the evidence shows is mistake in the interpretation of the income tax law. In the years prior to 1942 Mnookin's books were kept on the accrual basis. As so kept they correctly reflected his income for those years. The Commissioner having failed to assert the Government's claims for deficiencies for the years prior to 1942 may not circumvent the statute of limitations barring the Government's claims simply because otherwise the income of Mnookin for years prior to 1942 will escape taxation. Ross v. Commissioner, supra; Countway v. Commissioner, 1 Cir., 127 F. 2d 69, 76. The discretion which the Commissioner has under section 41 of the Code to make such computations as will clearly reflect income does not empower him to add to the taxpayer's gross income for a given year an item which rightfully belongs to an earlier year. The mistaken omission from income of an amount properly includible does not nullify the statute of limitations on assessment and collection of income taxes. Clifton Manufacturing Co. v. Commissioner, 4 Cir., 137 F. 2d 290, 293, 150 A. L. R. 749.

The parallel between this case and the *Mnookin* case is remarkable. In both the books of a sole proprietorship were kept on an accrual basis, and in both income was reported in whole or in part on a cash basis. In both cases the Commissioner added to reported income of the taxable year the amount of accounts receivable at the end of the previous year. In the *Mnookin* case the amount of accounts receivable added to income by the Commissioner was approximately $103,000, while here it was about $53,000. The income reported in the *Mnookin* case, on the cash basis, for the previous year was about $74,000. Thus, it appears that a considerable portion was not reported in accord with the accrual system under which the proprietorship books were kept. Here the entire income was reported on the cash basis. That is the only difference from the *Mnookin* case.

The *Koby* case is, as it states, "readily distinguishable" from the *Greene Motor Co.* and *Mnookin* cases, and therefore from this one. The petitioner in that matter had kept his books for a long time on a cash basis and at first reported on a cash basis for 1943, the taxable year, and 1942, involved because of the forgiveness feature of the Current Tax Payment Act of 1943. He then filed amended returns

on an accrual basis for those years (also for 1944 and 1945). The Commissioner approved the amended returns on the ground that the accrual method was proper, but made adjustments of about $525 by adding to income the net between accounts receivable and accounts payable at the beginning of the year, and by adding about $39,000, the opening inventory, saying that it represented a double deduction as it had been included in cost of merchandise purchased in former years. The petitioner agreed that for 1942, and many years prior thereto, he should have reported on an accrual basis. Thus, it is seen that that case involved not merely inclusion in income of one year of an amount erroneously not included in an earlier year, though the books were properly kept for the earlier year, but a complete change of accounting away from a basis not only admittedly wrong, but a change from which was, in effect if not in words, asked for by the filing of amended returns on the accrued, proper basis. Since the other cases cited by respondent have already been distinguished by us and the United States Court of Appeals in the *Mnookin* case, and, except the *Carver* case, by us in *Greene Motor*, *supra*, we point out only that they all, except *Carver*, involved change from an improper system of keeping the books of the business. In the *Schuman* case the books were kept and the returns were made on a hybrid base not reflecting income. The basis was accrual except interest income and the Commissioner placed the interest on the accrual basis. No accounts receivable were involved. Quoting *Hygienic Products Co.*, 37 B. T. A. 202, affd., 111 Fed. (2d) 330, as to hybrid system of accounting, the Board upheld the Commissioner. The *Hardy* case involved change of books by the Commissioner from the cash to an accrual basis in accordance with changes in bookkeeping, lending themselves to the accrual method, made on August 1 of 1925, the taxable year, and petitioner's request, filed before audit of the return for 1925, for permission to change to the accrual method for 1926. The court said:

* * * With both the petitioner and the commissioner in agreement that in 1926 the accrual method was a proper one and like conditions to be taken for granted to have prevailed in the business for the last half of 1925 at least, the determination of the commissioner that the accrual basis was necessary for 1925 in order clearly to reflect the petitioner's income during that period will not be disturbed.

In the *Carver* case books were kept on the accrual basis, and the returns, to the extent of using opening and closing paper inventories in computation of cost of goods sold, had for several years, including the taxable year, been made on an accrual basis, otherwise on the cash basis. Thus, it appears that the returns were on a hybrid basis, and, in part, consistent with the books, and consistent with the change made by the Commissioner in putting the return for the taxable year

on the accrual basis. The hybrid returns did not clearly reflect income either in the taxable year or the prior year. We held that the petitioner had not shown error.

Here the petitioner is not averse to the change to the accrual basis, with resultant addition to income of the difference between respondent's figures for 1945 income per books on the accrual basis, before addition of accounts receivable from the previous year or years, but contends only that such accounts receivable from previous years do not belong to 1945 and may not be thrown into income of the taxable year. We think that this case is governed by the principle set forth in the *Mnookin* case, as above recited. The accounts receivable here involved, as of the end of the year 1944 were not income in 1945, the taxable year, either upon the cash basis or the accrual basis, and on an annual tax basis should not be included in income of that year. *Burnet* v. *Sanford & Brooks*, 282 U. S. 359; *United States* v. *Anderson*, 269 U. S. 422. Nothing in this record indicates, and it is not contended, that the accounts receivable were not proper subjects of accrual in the earlier year, or years. That the petitioner did not so accrue them then is no reason to accrue them in 1945. In *Clifton Mfg. Co.*, *supra*, that was the situation, and the court said:

It is pointed out that considerable discretion is lodged in the Commissioner by § 41 of the Revenue Act of 1936, 49 Stat. 1648, 26 U. S. C. A. Int. Rev. Code, § 41, to make such a computation as will clearly reflect the taxpayer's income, if the taxpayer's method of accounting does not do so. See, Lucas v. American Code Co., 280 U. S. 445, 449; 50 S. Ct. 202, 74 L. Ed. 538, 67 A. L. R. 1010. But, it can hardly be said that this authority empowers the Commissioner to add to the taxpayer's gross income for a given year an item which rightfully belongs to an earlier year under the recognized system of accrual accounting. We are merely brought back to the original inquiry whether the item in controversy was accruable prior to the tax year 1937.

In *Security Flour Mills Co.* v. *Commissioner*, 321 U. S. 281, it was said:

* * * In short, the petitioner's position is that the Commissioner and the Board of Tax Appeals are authorized and required to make exceptions to the general rule of accounting by annual periods wherever, upon analysis of any transaction, it is found that it would be unjust or unfair not to isolate the transaction and treat it on the basis of the long term result. We think the position is not maintainable.

    \*       \*       \*       \*       \*       \*       \*

* * * we think it was not intended to upset the well understood and consistently applied doctrine that cash receipts or matured accounts due on the one hand, and cash payments or accrued definite obligations on the other, should not be taken out of the annual accounting system and, for the benefit of the Government or the taxpayer, treated on a basis which is neither a cash basis nor an accrual basis, because so to do would, in a given instance, work a supposedly more equitable result to the Government or to the taxpayer.

We hold that the Commissioner erred in adding petitioner's debit balance of accounts receivable at the beginning of the year 1945 to petitioner's income for that year.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

OPPER, *J.*, dissenting: By some mysterious process the action which in our self-assessing tax system is paramount, namely, that of reporting income, appears to have become subordinated to the purely ancillary and mechanical operation of keeping records. The crucial fact here is that petitioner has regularly and consistently computed and reported his income by a wholly improper method; and the issue is whether the Commissioner can require a change to a proper method only by permitting a distortion of income in the taxpayer's favor [1] during the year of change so that items of income will forever escape taxation. It appears to be undisputed that the Commissioner could require proper adjustments if either the request for a change originated with the taxpayer or if it were his accounting, rather than his reporting, which was incorrect. But it is apparently possible to announce the principle as in the present case that the Commissioner's demand that the taxpayer observe the law as to reporting income cannot be accompanied by the necessary adjustments to reflect the true income of the current year and assure that the change-over will not result in the complete escape from taxation of some part of that income which has actually been received.[2]

If there is justification for so confining the operative sections of the Revenue Code, it is difficult to discover. Section 41 lays down the "general rule" that "The net income shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer * * *." Section 42 requires all gross income to be included for the year "*in which received*" (emphasis added)

---

[1] Incidentally, respondent's action apparently treats both income and deduction items consistently. The facts show that the revenue agent's report took into consideration "accounts payable and accrued expense as of the beginning of the year which are not reflected in the return for the prior year." These items are stipulated to have amounted to $21,362.29. This disposition is confirmed as proper in respondent's brief.

[2] The following statement in the present opinion cannot but be fallacious:

* * * The accounts receivable here involved, as of the end of the year 1944 were not income in 1945, the taxable year, *either upon the cash basis* or the accrual basis, and on an annual tax basis should not be included in income of that year. [Emphasis added.]

Some part of the items included in the opening balance of accounts receivable and probably all, was collected in cash during the year we have before us. Certainly petitioner has not proven otherwise. Such items would clearly be includible as income of the current year on a cash basis; and the fact that this is the year of change-over makes it appropriate to include them because it is in this year that the two systems must be combined in order clearly to reflect income.

unless "under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period," and section 43 calls for deductions and credits to be taken as paid or accrued upon the same basis as the net income "is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period." [3] There is no more statutory authority for the Commissioner to adjust existing accounts where the accounting system is at fault than where there is a failure of proper reporting. Yet the former seems to be taken for granted.

The closest precedent on the facts is *C. L. Carver*, 10 T. C. 171, affd. (CA-6), 173 Fed. (2d) 29. Other cases similar in principle are *William Hardy, Inc.* v. *Commissioner* (CCA-2), 82 Fed. (2d) 249; *Z. W. Koby*, 14 T. C. 1103; *Schuman Carriage Co., Ltd.*, 43 B. T. A. 880; *Alameda Steam Laundry Association*, 4 B. T. A. 1080; *Appeal of John G. Barbas*, 1 B. T. A. 589. Cf. *Estate of Samuel Mnookin*, 12 T. C. 744, affd. (CA-8), 184 Fed. (2d) 89. The latter is relied on for the result presently being reached [4] but it concededly differs from the present proceeding and it is precisely in those respects that *C. L. Carver*, *supra*, and this case are identical. This is entirely apart from the fact that the doctrine announced in *William Hardy, Inc.* v. *Commissioner*, *supra*,[5] incorporates the principle applicable to all these situations.

What we said in *C. L. Carver*, *supra*, 174, applies exactly here:

We do not know, nor are we concerned with, why the respondent did not make a change in petitioner's method of reporting income in some previous year. It may have been due to error or oversight or lack of information. * * * Sec-

---

[3] " * * * an individual or corporation *may make return of income* on either the cash or accrued basis, *if the basis selected clearly reflects the income.*" [Emphasis added.] H. Rept. No. 922, 64th Cong., 1st Sess., 1939–1 (Part 2) C. B. 24.

[4] The cases cited by the majority fall into several categories : (1) cases where taxpayers have filed their returns and also kept books on an improper basis, *Hardy, Koby* (see also *Barbas* and *Alameda*), all of which sustain the Commissioner, not merely in requiring a change of method, but in including in taxable income, during the year of change, items which would otherwise have escaped taxation ; (2) cases where taxpayers have filed their returns and also kept books on a hybrid basis, partly cash and partly accrual. *Schuman* and *Mnookin*. *Schuman* stands for the principle that the Commissioner may similarly make adjustments in the year of change to reflect income correctly ; *Mnookin* seems to oppose such a principle, but is distinguishable on its facts ; (3) cases where a taxpayer has regularly computed and reported his income upon an entirely improper basis, but kept books and records by a proper method of accounting. The instant proceeding is such a case and so too in all essentials is *Carver*, where this Court held that the Commissioner could insist upon a change in the method of reporting and make necessary adjustments in the year of change ; (4) the remaining cases cited, including *Greene Motor Co.*, 5 T. C. 314, did not involve a change of method at all, but merely the question of proper accrual for taxpayers who were and remained on the accrual basis.

[5] "The accounts receivable as of December 31, 1924, were correctly included also. They were not taxable on the cash basis, and if strict accrual principles are to prevail beginning with January 1, 1925, they never would be taxable since they represent previous transactions which could not be accrued in 1925 or thereafter *nor would payments made upon them after the beginning of 1925 figure* in the computation of income, since the cash basis no longer was to be used. Yet *to the extent that they were thereafter paid they were in fact the income of the petitioner.* There is no provision in the law which permits their escape from taxation if received. * * *" [Emphasis added.] (*William Hardy, Inc.* v. *Commissioner*, *supra*, 251).

tion 41 of the Internal Revenue Code provides that the net income for income tax purposes shall be computed in accordance with the method of accounting regularly employed * * *. It was within the power of the petitioner to have effected the change in the method of reporting his income by requesting permission of the Commissioner so to do. This, petitioner knew. Why he did not do so is not shown by the record, nor is it material to the issue. The fact is respondent, in 1941, determined that the change from the cash to the accrual method of *computing* income should be employed. This was within his jurisdiction and authority. * * * As stated in *Schuman Carriage Co., Ltd.*, 43 B. T. A. 880: "The failure of the petitioner to make its returns consistently upon the accrual basis may place it in an unfortunate position. But for this situation the petitioner is alone to blame." [Emphasis added.]

Since I view this as the correct treatment of the precise question we are now facing and think it should be adhered to, I respectfully dissent.

RAUM, *J.*, agrees with this dissent.