## COMMISSIONER OF INTERNAL REVENUE v. FRAME.
### No. 10573.

United States Court of Appeals Third Circuit.

Argued March 4, 1952.

Decided March 11, 1952.

John J. Kelley, Jr., Washington, D. C., for petitioner.

R. J. Cleary, Pittsburgh, Pa. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Helen Goodner, Special Assts. to the Atty. Gen., on the brief), for respondent.

Before BIGGS, Chief Judge, and MARIS and McLAUGHLIN, Circuit Judges.

PER CURIAM.

Although this taxpayer kept his books on the accrual basis he filed his income tax returns for the taxable years 1942 through 1945 on the cash basis in violation of Section 41 of the Internal Revenue Code, 26 U.S.C.A. § 41. Upon examining his return for 1945 the Commissioner adjusted the taxpayer's taxable income for that year to the accrual basis shown by his books and added thereto a sum representing the net accounts receivable appearing on the books on December 31, 1944. The Commissioner stated that this was done "to take into consideration * * * items * * * which are not reflected in the return for the prior year." The only issue presented here is whether the Commissioner erred in adding to the taxpayer's taxable accrued income for 1945 these accrued items from the previous year. The Tax Court in banc, two judges dissenting, held that the Commissioner erred in so doing. 16 T.C. 600.

We agree with the majority of the Tax Court, for the reasons well stated in Judge Disney's opinion, that the accounts receivable in question were income of the taxpayer for the years prior to 1945 and were not taxable to him in the latter year even though he had erroneously failed to report them in his returns for the prior years. Since the taxpayer kept his books upon the accrual basis during all the years involved and the Commissioner concedes that they clearly reflected his income and that no change in accounting methods was involved the adjustment which the Commissioner here made was not permissible. As Judge Riddick said in Commissioner of Internal Rev. v. Mnookin's Estate, 8 Cir., 1950, 184 F.2d 89, 93; "The discretion which the Commissioner has un-

der section 41 of the Code to make such computations as will clearly reflect income does not empower him to add to the taxpayer's gross income for a given year an item which rightfully belongs to an earlier year. The mistaken omission from income of an amount properly includible does not nullify the statute of limitations on assessment and collection of income taxes. Clifton Manufacturing Co. v. Commissioner, 4 Cir., 137 F.2d 290, 293, 150 A.L.R. 749."

Accordingly the decision of the Tax Court will be affirmed.