## COMMISSIONER OF INTERNAL REVENUE v. SCHUYLER et al.

### No. 170, Docket 22222.

United States Court of Appeals
Second Circuit.

Argued March 11, 1952.

Decided April 14, 1952.

Ellis N. Slack, Acting Asst. Atty. Gen., Robert N. Anderson and John J. Kelley, Jr., Sp. Assts. to Atty. Gen., for petitioner.

George A. Reed, Reed & Reed, Naples, N. Y., for respondents.

Before SWAN, Chief Judge, and CLARK and FRANK, Circuit Judges.

SWAN, Chief Judge.

For the taxable year 1947, the Commissioner required the taxpayers to change from the cash basis of reporting income to the accrual basis, on which their books were kept, and included in gross income the closing inventory of the year but disallowed the deduction of the opening inventory. The Tax Court permitted the taxpayers to deduct the opening inventory. The correctness of this ruling is the sole question presented.

The facts are undisputed. Since 1926 the taxpayers, husband and wife, have owned and operated the Naples Hotel in Naples, New York. In connection with the hotel business they purchased and sold merchandise such as cigars, cigarettes, tobacco, food, wine, liquor and beer. In 1943 they began to take inventories on these items and have continued to do so, recording the amount of the inventories on their books. For the calendar year 1947 the opening inventory was $5,048.86 and the ending inventory was $5,010.85. The taxpayers have always filed their tax returns on the cash basis and did so for the year 1947. Pursuant to the Internal Revenue Code and the applicable Regulations the Commissioner required them to use inventories and to report income for taxation on an accrual basis.[1] The Tax Court upheld him and neither party objects to this part of its decision. In recomputing the taxpayers' joint return for that year, the Commissioner determined that the addition of the ending inventory as recorded on the taxpayers' books was necessary, but the opening inventory was not deducted. This amount was added to the taxpayers' net income computed on a cash basis, for no other changes were required in order to place the taxpayers on the accrual method of reporting income for the taxable year. The taxpayers appealed to the Tax Court, which ruled that the Commissioner erred in including in gross income the ending inventory without taking into account the opening inventory. His petition to this court seeks a reversal of that ruling.

Section 41 of the Code is set forth in the margin.[2] It requires (1) the income to be computed "upon the basis of the taxpayer's annual accounting period", and (2) "in accordance with the method of accounting regularly employed in keeping the books of such taxpayer". It also provides (3) that if the method employed does not clearly reflect income, "the computation shall be

[1.] 26 U.S.C.A. §§ 22(c), 41; Treas.Reg. 111, §§ 29.22(c)–1, 29.41–2.

[2.] "§ 41. General rule.
"The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *"

made in accordance with such method as in the opinion of the Commissioner does clearly reflect income." It should be noted that in the case at bar the Commissioner did not require the taxpayers to change the method regularly employed in keeping their books, but only their method of reporting income for taxation. He takes the position that in changing from a cash to an accrual method of reporting income it is necessary in the first year of change, in order to clearly reflect income, to include the ending inventory in gross income without any deduction of the opening inventory. In support of that position he argues that to allow the deduction of the 1947 opening inventory would result in allowing as deductions for that year items which the taxpayers had already deducted in other years, because, as one of them testified, the cost of merchandise comprising beginning inventory had been deducted as purchases in 1946 and prior years. It may well be that the taxpayers, by reason of erroneously reporting on the cash basis, realized income in prior years on which they did not pay taxes because such income was invested in inventory items whose cost was deducted from gross receipts in such years. But it does not follow that such income is taxable in 1947. As shown by the first clause of section 41, the taxable income is to be computed on an annual basis. See also 26 U.S.C.A. § 42(a). Hence, a deduction erroneously taken in a prior year cannot be treated as income of a later year on the theory that it will otherwise escape taxation.[3] As was said in Commissioner v. Mnookin's Estate, 8 Cir., 184 F.2d 89 at page 93:

"The discretion which the Commissioner has under section 41 of the Code to make such computations as will clearly reflect income does not empower him to add to the taxpayer's gross income for a given year an item which rightfully belongs to an earlier year. The mistaken omission from income of an amount properly includible does not nullify the statute of limitations on assessment and collection of income taxes."

■ We do not understand how the method for which the Commissioner contends can be thought clearly to reflect income. The items on the 1947 ending inventory do not of themselves represent income of that year. How seriously the Commissioner's method of computation distorts the income becomes apparent if attention be directed to figures. The opening inventory for 1947 was $5,048.86; the ending inventory was $5,010.85. The taxpayer's net income as reported without the use of inventories was $5,958.06. Computed with due regard for both opening and ending inventories it was $5,920.05, or $38.01 less than if computed without the use of inventories. As computed by the Commissioner with no allowance for the opening inventory it would be $10,968.91, or practically double what the books disclosed. And the Commissioner must have thought the books correctly kept since no other adjustments were made by him to place the taxpayers on an accrual method of reporting income.

The Commissioner asserts that his method of computation must be sustained on the authority of this court's decision in William Hardy, Inc. v. Commissioner, 2 Cir., 82 F.2d 249. There the taxpayer had kept its books on the cash basis. It requested permission to change to the accrual method of accounting and reporting income for the year 1926. The Commissioner granted the bequest and also insisted that the 1925 return be recomputed on the same basis. He added an opening inventory to the 1925 income computed on the accrual basis. We held this to be within the discretion conferred upon him by section 41 of the Code. That case involved a change in the method of keeping the taxpayer's books, not merely, as here, a change in the method of reporting income in the taxpayer's return. Subsequent decisions of the Tax Court, two of which have

---

3. Greene Motor Co. v. Commissioner, 5 T.C. 314, acquiesced in by the Commissioner, 1945 Cum.Bull. 3. See also Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 285-6, 64 S.Ct. 596, 88 L.Ed. 725; Clifton Mfg. Co. v. Commissioner, 4 Cir., 137 F.2d 290, 293, 150 A.L.R. 749; Commissioner v. Mnookin's Estate, 8 Cir., 184 F.2d 89, 93; Commissioner v. Frame, 16 T.C. 600, aff'd, per curiam, 3 Cir., 195 F.2d 166.

been affirmed by Courts of Appeals, have noted that distinction and limited the scope of the Hardy case to its precise facts.[4] We agree that it should be so limited.

Decision affirmed.

4. Commissioner v. Mnookin's Estate, 8 Cir., 184 F.2d 89; Frame v. Commissioner, 16 T.C. 600, affirmed per curiam by the Third Circuit, 195 F.2d 166; contra, Carver v. Commissioner, 6 Cir., 173 F.2d

29. A very thorough and excellent discussion of all the authorities may be found in Judge Graven's opinion in Welp v. United States, D.C.N.D.Iowa, 103 F. Supp. 551.