## COMMISSIONER OF INTERNAL REVENUE v. DWYER.

### No. 43, Docket 22267.

United States Court of Appeals Second Circuit.

Argued March 4, 1953.

Decided April 13, 1953.

John J. Kelley, Jr., Ellis N. Slack, Acting Asst. Atty. Gen., A. F. Prescott, Special Assts. to the Atty. Gen., Washington, D. C., for the petitioner.

Victor G. Mount, Seneca Falls, N. Y., for the respondent.

Before SWAN, Chief Judge, L. HAND and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

The Commissioner appeals from an order of the Tax Court, expunging a deficiency that he had assessed against Dwyer, the taxpayer, in his income tax for the year, 1946. The appeal turns upon whether Dwyer should be allowed to deduct the amount of his opening inventory for the year under the following circumstances. He has operated a hotel and restaurant since 1932, in the course of which he sells alcoholic drinks at retail, so that the "sale of merchandise is an income-producing factor" in his business.[1] Although until 1946 he had always returned his income to the Collector on a cash basis, he had kept inventories of his stock of merchandise, and these were "available" from 1942 forward. The Commissioner says that these inventories "were separately kept on loose sheets of paper," and should not be regarded as inventories at all; but we cannot agree. They were in fact "inventories" in that they were written records of the merchandise and its value, carried over from one year to another; and we see no reason why they should not be regarded as "inventories" within the meaning of the statute[2] and of

1. Regulations 111, § 29.22(c)–1.

2. § 22(c), Title 26 U.S.C.

the Regulation we have cited. In 1946 the Commissioner required Dwyer to report upon an "accrual" basis, but disallowed him any credit for his opening inventory; and this resulted in the deficiency that he assessed and the Tax Court expunged.

The Commissioner relies upon our decision in William Hardy Inc., v. Commissioner, 2 Cir., 82 F.2d 249, in which the taxpayer had changed his bookkeeping during the year in question "to one which readily lends itself to use in the accrual method of income reporting" 82 F.2d at page 250. So far as appears, this change was no more than from single, to double, entry bookkeeping, and certainly was not of itself a change from a cash to an accrual basis; moreover, we do not seem to have rested our conclusion upon the assumption that Hardy had already changed his accounting to that basis. However, in later cases[3] the decision has been explained upon the theory that Hardy changed, not only his tax return from a cash to an accrual basis, but his bookkeeping as well; and that, when a taxpayer changes his return but not his bookkeeping, he may deduct his opening inventory, but not vice versa. It is for this reason that the Commissioner wishes Dwyer's inventories to be disregarded, for, if they are inventories, he too changed his bookkeeping from cash to accrual. Disagreeing with the Commissioner, as we do, about the inventories, we think that the case is not within the supposed distinction; but that aside, we think that the distinction is without merit anyway, and that we should overrule William Hardy Inc., v. Commissioner, supra, 82 F.2d 249, for the following reasons.

When a merchant is selling from, and buying for, a stock of merchandise, at first blush it might seem proper to compute his income in any year by charging him with the proceeds of his sales and crediting him with the cost of his purchases; and that would indeed be correct as to articles that he sells in the same year in which he has bought them; but it would not be correct as to articles that he sells in a later year. The cost of an article is never, as such, a deductible expense of the business; it is one factor—the subtrahend—of an equation that fixes the profit or loss, and profit or loss should figure in the merchant's income, either as a charge, or as a deduction. Obviously the equation cannot be computed until the article is sold, and it follows that until then its cost ought to be carried in suspense. When a merchant keeps inventories, costs do in effect become suspense items, for, although he credits himself with the cost of all articles bought during the year, he charges himself in his closing inventory with the cost of those not yet sold, unless he has "written up" or "written down" the inventory. Since these two items cancel each other in the return for the year of purchase, he is free to credit himself anew with the cost of all articles carried over, and this he does by entering the cost in his opening inventory for the following year. It was for this reason, we apprehend, that the Regulations[4] in implementation of the Revenue Act[5] prescribed the use of inventories "in every case in which the production, purchase or sale of merchandise is an income-producing factor."

Since Dwyer never made use of his inventories, he merely credited himself with the cost of those articles that he had bought in a year, and charged himself with the proceeds of those that he had sold, as we have just described. It followed that, although as to articles bought and sold in the same year his tax returns were right, they were wrong as to articles carried over from earlier years, unless it so chanced that the aggregate cost of the articles bought in the year in question was the same as that of those carried over and sold in that year—a negligible possibility. His income had been understated so far as the costs of the articles carried over and sold had been less than that of the articles

3. Commissioner v. Mnookin's Estate, 8 Cir., 184 F.2d 89; Commissioner v. Frame, 3 Cir., 195 F.2d 166; Commissioner v. Schuyler, 2 Cir., 196 F.2d 85; Welp v. United States, 8 Cir., 201 F.2d 128; Caldwell v. Commissioner, 2 Cir., 202 F.2d 112.

4. § 29.22(c)–1, Regulations 111.

5. § 22(c), Title 26 U.S.C.

bought, and vice versa. The Commissioner wished to correct this by disallowing him the cost of all articles carried over into the year 1946, when at his proper insistence Dwyer began to use inventories to compute his income; and that would have been entirely proper, as we have said, had he been using inventories in the past.

The Commissioner's reason for refusing to allow this credit was, and his defense now is, that Dwyer had already got the benefit of the opening inventory because he had credited himself in past years with the cost of all the articles carried over and to allow him to credit himself with the opening inventory would be a double credit. That appears just, when so stated, and it is the reason why we refused to allow the use of the first opening inventory in William Hardy Inc., v. Commissioner, supra, 82 F. 2d 249. Those courts that have refused to follow that decision have answered that not to allow the credit would be to assess a tax upon the income of an earlier year; but, strictly speaking, that is not true, for the income assessed would be limited to the proceeds of the sales of the articles carried over, although it would be upon the whole of those proceeds: i. e., it would take zero for the subtrahend of the equation of profit and loss. That would not indeed be justified, but for other reasons than that it would assess a tax upon the income of an earlier year. Indeed, if by some fantastic chance it were true that the aggregate cost of all the articles carried over and sold in the year in question—e. g., 1946—had been exactly the same as the aggregate cost of the carried over articles sold in an earlier year—e. g., 1945—it would be "equitable" to deny the use of the first opening inventory.

The difficulty with so proceeding comes from the fact that the cost of the articles, bought in, say 1945, and carried over into 1946, would be different from that of the carried over articles sold in 1945. As we have said, so far as the cost of the articles bought in 1945 and carried over was greater than the cost of carried over articles sold in 1945, Dwyer had already paid a tax upon a larger income for 1945 than he need have, and in strict "equity" would be entitled to a refund. And, as we have also said, so far as the cost of the carried over articles sold in 1945 was less than the cost of articles bought in that year and carried over into 1946, he had paid a tax upon a smaller income than he should have. Obviously, if complete "equity" were to be done, it would be necessary to reassess the income in all the years in which those articles were bought that are carried over into the first opening inventory and are sold in the year in question; and that is impossible. On the other hand, the result of allowing Dwyer to credit himself with the whole opening inventory would inevitably give him a double credit for a part of the cost of the carried over articles sold in 1946: i. e., for so much of the cost of the articles sold in an earlier year as equalled the cost of articles bought in that year and carried over to 1946. Moreover, it is very persuasive to argue that, since by hypothesis Dwyer should have used inventories in computing his income in the earlier years, he has himself to thank for his inability to show how much will be the amount of the double credit.

If this argument were presented to us for the first time, we might accept it, but we deem the question foreclosed, not only by the decisions upon the precise point that we have already cited, but by others, not only our own,[6] but those of other circuits, that have settled the point in more general terms.[7] Although there have been exceptions, it is established by the great weight of authority that, if a taxpayer has

6. Bigelow v. Bowers, 2 Cir., 68 F.2d 839; Schmidlapp v. Commissioner, 2 Cir., 96 F.2d 680, 118 A.L.R. 297; Lembcke v. Commissioner, 2 Cir., 126 F.2d 940; Bennet v. Helvering, 2 Cir., 137 F.2d 537.

7. Commissioner v. Saltonstall, 1 Cir., 124 F.2d 110; Countway v. Commissioner, 1 Cir., 127 F.2d 69; Ross v. Commissioner, 1 Cir., 169 F.2d 483, 7 A.L.R.2d 719; Commissioner v. Mellon, 3 Cir., 184 F.2d 157; Hull v. Commissioner, 4 Cir., 87 F.2d 260; Commissioner v. Yates, 7 Cir., 86 F.2d 748; Northwestern States Portland Cement Co. v. Huston, 8 Cir., 126 F.2d 196.

riot misrepresented or suppressed the facts, the statute of limitations not only prevents any reassessment of the tax after the prescribed period has passed; but that the Treasury may not assess a tax for a later year to make up for a credit erroneously allowed, or a charge erroneously omitted, in an earlier year. That is indeed at times a rule harsh in its application; but so are all statutes of limitations; and we are to assume that any losses so arising are matched by the relief to taxpayers that the burden of any disputes has ended and that they will never have to pay any more taxes for that year. In the case at bar it is of course too late to reassess Dwyer's taxes for any years before 1946, so it follows that the order relieves him of a part, though an unascertainable part, of his proper tax for that year; but as the law stands, the Tax Court was right, for the error of the earlier years may not now be corrected. William Hardy Inc., v. Commissioner, supra, 82 F.2d 249, is overruled, and the order will be affirmed.

Order affirmed.