DAVID W. HUGHES, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

LUCILE HUGHES, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 38641, 38642.    Filed April 7, 1954.

*Raymond A. Fox, Esq.*, for the petitioners.
*John L. King, Esq.*, for the respondent.

OPINION.

WITHEY, *Judge:* The partnership reported its income for 1947 on the cash basis. The Commissioner has recomputed its income for that year on the accrual basis. In so doing he has included in income that portion of partnership accounts receivable which remained uncollected at the close of 1946 and at the beginning of 1947. Respondent claims the authority for so doing under *E. S. Iley*, 19 T. C. 631, and *William Hardy, Inc.* v. *Commissioner*, (C. A. 2, 1936) 82 F. 2d 249.

We do not consider the fact that the partnership may have kept its business records on the wrong basis to be particularly pertinent to the issue. Regardless of the method of accounting it used in keeping its business records, the fact is apparent from the evidence in this case that it was required under Regulations 111, section 29.41–2, to compute and report its income on the accrual basis, for petitioners admit that the purchase and sale of merchandise was an income producing factor in the business. The partnership did not compute its income on the accrual basis and, therefore, failed to report its true income in accordance with the cited regulation. It is also apparent from the record that the partnership did not report its true income under the regulation for several years prior to 1947, as its method of bookkeeping and reporting income has been consistent since its formation in 1944 and the purchase and sale of merchandise has been an income producing factor since that date.

There is no doubt here concerning the fact that the opening accounts receivable sought to be included in the 1947 income of the partnership by respondent were, under the proper accrual method of accounting, income to it in the taxable year 1946 or prior years. In *Caldwell* v. *Commissioner*, 202 F. 2d 112, and *Commissioner* v. *Dwyer*, 203 F. 2d 522, respectively, the respondent was denied the right to include as taxable income in a tax year that which was actually income in a prior year. In *John W. Commons*, 20 T. C. 900, this Court held income of a prior year, under a proper accounting method, not to be includible in the income of a later year. Following those cases we here hold that the respondent may not include the closing accounts receivable for the year 1946 as opening accounts receivable for the year 1947.

In *E. S. Iley, supra,* in a factual situation which is indistinguishable in principle from the one at bar, this Court came to a contrary decision. It is true that in the *Iley* case the taxpayer kept his books and records upon the cash basis of accounting but that fact alone does not distinguish that case. The question of the Commissioner's authority to tax in the year of changeover that which was properly income for a prior year was there squarely before the Court and our decision there is contrary to *Caldwell, Dwyer*, and *Commons, supra.* We decline henceforth to follow the *Iley* decision. *William Hardy,*

*Inc.* v. *Commissioner, supra,* relied on by respondent, has been expressly overruled by the Court of Appeals for the Second Circuit in *Commissioner* v. *Dwyer, supra.*

Reviewed by the Court.

*Decisions will be entered under Rule 50.*

TURNER, *J.,* dissents.

———

OPPER, *J.,* dissenting: Fictions are of course a familiar tool of the law. But they are created in order to achieve some beneficent or equitable result.

legal fictions have an appropriate place in the administration of the law when they are required by the demands of convenience and justice. [*Helvering* v. *Stockholms Enskilda Bank,* 293 U. S. 84, 92.]

We are here resorting to a fiction which produces a gross inequity [1] and in order to do so we are required to overrule a recent decision. *E. S. Iley,* 19 T. C. 631.

The fiction upon which the present result rests is that accounts receivable not yet collected are income of the prior year merely because petitioner in the current year is placed on the accrual basis by respondent and both parties apparently now agree that such procedure is correct. The sums which became due to petitioner in the prior years were not income to him in those years since an accrual method of accounting was not then employed by petitioner. And they were not income of the prior year under petitioner's cash system since they were not then collected. Respondent, on the other hand, has determined that they are income in the current year because they have been collected in that year [2] and because they have never previously been recorded as income under any accounting system employed by this petitioner.

The first question in the application of section 41 is whether petitioner's system of computing its income according to its books properly reflected its income. This the opinion appears to answer in the negative.

The next question, although it is not dealt with, is whether respondent had no rational basis for determining that petitioner's income for the current taxable year would be correctly reflected by including not only accrual items but also currently collected cash items [3] which would have been included in prior years under a nonexistent accrual system. Since this was the year of changeover it is difficult

———

[1] "All fictions of the law, we have been taught, were created to enable the court to do justice, and where, to indulge a fiction, is to cause injustice, its just limit has been found." *In re Walker's Estate,* 125 Cal. 242, 57, Pac. 991.

[2] This is the practical effect of what respondent did by including the opening accounts receivable which would presumably be collected during the current year. If they were not it was incumbent on petitioner to show it.

[3] The inclusion of cash items is not necessarily inconsistent with an accrual system of accounting. See *North American Oil Consolidated* v. *Burnet,* 286 U. S. 417.

to see how any other system could accurately reflect petitioner's income except one which will take account both of the accrual items accruing in that year and the cash items collected but not yet accounted for.[4] This is what respondent has accomplished. He has not "attempted to revise liability for earlier years closed by the statute of limitations." *Dobson* v. *Commissioner*, 320 U. S. 489, 493. In fact, *Commissioner* v. *Dwyer*, (C. A. 2) 203 F. 2d 522, 524, which is relied upon by the majority opinion, says:

Those courts that have refused to follow that decision [*William Hardy, Inc.* v. *Commissioner*, (C. A. 2) 82 F. 2d 249] have answered that not to allow the credit would be to assess a tax upon the income of an earlier year; but, strictly speaking, that is not true, for the income assessed would be limited to the proceeds of the sales of the articles carried over * * *

The finding by the majority that adequate books and records were kept upon which "an accounting for petitioners' taxable distributive shares of partnership income could be readily made upon either the cash or accrual basis of accounting" seems to me meaningless since almost any system of keeping records, as distinguished from the method by which "the net income shall be computed,"[5] will furnish the material from which a computation on either the cash or the accrual method could be arrived at. In my view the finding should have been made that petitioner's books were kept on the cash basis, and accordingly, the majority is also overruling the distinction made by this Court and courts of appeals between *C. L. Carver*, 10 T. C. 171, affd. (C. A. 6) 173 F. 2d 29, and *Z. W. Koby*, 14 T. C. 1103, on the one hand, and *Estate of Samuel Mnookin*, 12 T. C. 744, affd. (C. A. 8) 184 F. 2d 89, and *Robert G. Frame*, 16 T. C. 600, affd. (C. A. 3) 195 F. 2d 166, on the other.[6] And if petitioner's books were kept on a hybrid system, the majority opinion is, according to the *Mnookin* case, contrary to *Schuman Carriage Co., Ltd.*, 43 B. T. A. 880.

Because the present result seems to me to defy the plain language of section 41 that under these circumstances "the computation shall be made in accordance with such method as in the opinion of the

[4] The question does not simply concern income tax accounting. No stockholder would be satisfied to have the profits of his business disappear because there was a changeover in a given year from cash accounting to accrual. And no method other than the one employed by respondent has, so far as I know, been suggested here.

[5] SEC. 41. GENERAL RULE.
*The net income shall be computed* * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * * [Emphasis added.]

[6] That case (*William Hardy, Inc.* v. *Commissioner*, (C. A. 2) 82 F. 2d 249) involved a change in the method of keeping the taxpayer's books, not merely, as here, a change in the method of reporting income in the taxpayer's return. Subsequent decisions of the Tax Court, two of which have been affirmed by Courts of Appeals, have noted that distinction and limited the scope of the Hardy case to its precise facts. * * * We agree that it should be so limited." (*Commissioner* v. *Schuyler*, (C. A. 2) 196 F. 2d 85, 87–88.)

Commissioner does clearly reflect the income"; because it improvidently overrules a case decided scarcely more than a year ago; because it employs a fiction to produce the inequitable result of permitting a sizable portion of petitioner's income to escape tax entirely; and because it places a premium upon the disregard by a taxpayer of both regulation and statute to the detriment of all painstaking taxpayers and the possible hazard of our self-assessing tax system, I respectfully note my dissent.

VAN FOSSAN and RAUM, *JJ.*, agree with this dissenting opinion.