### CLEMENT A. BAUMAN AND MABEL BAUMAN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39575.    Filed April 8, 1954.

*John S. Murtha, Esq.*, for the petitioners.
*Lester H. Salter, Esq.*, for the respondent.

10

OPINION.

Tietjens, *Judge:* Respondent states in his brief the primary issue as follows:

Did the respondent err in adding to petitioners' gross profit from business, as reported on the cash basis of accounting, the sum of $47,680.48, composed by

adding accounts receivable and inventory on hand at December 31, 1949 in the respective amounts of $67,978.83 and $18,927.66, and deducting accounts payable at December 31, 1949 of $39,226.01?

On the basis of the respondent's primary and alternative contentions, it is not easy exactly to define the differences between the parties. As we view the situation, it is this. The taxpayers filed their return for 1949 on the cash basis. The respondent was of the opinion that the taxpayers should have kept books and reported income on an accrual basis. He was of the further opinion, however, that he could not determine from the books the proper income on an accrual basis. Therefore, accepting as correct the income which had been reported on the cash basis, the respondent added to that income the closing accounts receivable for 1949, plus the closing inventory and deducted therefrom closing accounts payable. This resulted in an addition to the income as reported by the taxpayers of $47,680.48, and the deficiency here in question was mainly determined on the basis of that adjustment. That adjustment is here challenged. There were other minor adjustments which are not in controversy.

The taxpayers argue that the books and records were kept on an accrual basis and that the respondent could have accurately determined income on that basis from the books and records. The taxpayers contend that in requiring the reporting of the income on an accrual basis (to which no objection is made) the respondent's adjustment is erroneous because it failed to compute petitioners' income for 1949 on an accrual basis. Petitioners contend that there is no warrant in law for what the Commissioner has done in this respect and that it distorts and greatly overstates petitioners' net income for the taxable year. Petitioners contend that their books and records having been kept on an accrual basis, the Commissioner must compute 1949 income on an accrual basis and that he cannot use the method which he has used in an effort to prevent income which may not have been reported in a prior year on the cash basis from escaping taxation.

The respondent objects that the pleadings do not raise the issue as petitioners are now contending but we think the issue is sufficiently stated. On the issue thus stated, we think the taxpayers' position is correct. We have found that Bauman's books were kept on an accrual basis. The taxpayers' position that in the changeover from cash to accrual reporting of income, an accrual method must be used throughout in computing income without any effort to bring into account income of a prior year to prevent it from escaping taxation is amply sustained by *Commissioner* v. *Dwyer*, (C. A. 2, 1953) 203 F. 2d 522, affirming a Memorandum Opinion of this Court, and *Caldwell* v. *Commissioner*, (C. A. 2, 1953) 202 F. 2d 112, affirming a Memorandum Opinion of this Court; also by *Welp* v. *United States*, (C. A. 8, 1953) 201 F. 2d 128. The *Dwyer* decision expressly overruled *Hardy* v.

*Commissioner*, 82 F. 2d 249, reversing a Memorandum Opinion of this Court, which is relied on by the respondent here. The basis for these holdings is that the authority of the respondent to require a taxpayer to use an accrual basis of reporting income in cases where his books and records are kept on an accrual basis does not include the authority to add to the income for the year of changeover items which were income of a preceding taxable period. See *David W. Hughes*, 22 T. C. 1; *Commissioner* v. *Schuyler*, 196 F. 2d 85, affirming a Memorandum Opinion of this Court. It should be remembered that this is not a case where the taxpayers have been keeping their books and records on the cash basis and have sought to change over to an accrual basis without securing the consent of the Commissioner to make such a change. If it were that kind of a case, the situation might be different. As we have already pointed out, petitioners have been keeping their books and records on an accrual basis but in 1949, and prior years, erroneously filed their income tax returns on the cash basis. It follows that the respondent erred in refusing to allow the taxpayers to compute their income for the year 1949 on an accrual basis. The figures necessary to make the computation for 1949 on an accrual basis have been produced by the taxpayers and the profit and loss statement compiled by their accountant from the taxpayers' books and records should be used in a computation under Rule 50. This profit and loss statement is contained in our Findings of Fact.

Bauman's inventory as of December 31, 1949, was a listing of the items of stock on hand with a price opposite each item. There is no dispute as to the amount of this, as both parties accept the inventory total of $18,927.66. An inventory taken as of January 1, 1949, was lost. Bauman estimated the inventory of that date as $15,142.13. The respondent says this figure is not supported by any convincing evidence. However, the business was one of many years' standing and Bauman made statements of his financial condition at times during 1949 for the purpose of borrowing from banks, which statements showed accounts receivable and inventories. His estimate was made in 1951 at the time of the revenue agent's examination. It is clear that there was some inventory and this is the best figure available. We have found that this was the amount of the inventory.

We also deem the other year-end figures derived by the taxpayers' accountant reliable; and, as stated above, they are to be used in the Rule 50 computation.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

FISHER, *J.*, concurs in the result.

OPPER, *J.*, concurring: I concur in the result solely on the authority of *David W. Hughes*, 22 T. C. 1, which I find indistinguishable in principle.

WITHEY, *J.*, agrees with this concurring opinion.