## WALDHEIM REALTY AND INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52586. Filed March 13, 1956.

*Owen T. Armstrong, Esq.*, for the petitioner.
*William H. Welch, Esq.*, for the respondent.

### OPINION.

RICE, *Judge:* This proceeding involves the following deficiencies in income tax determined by the respondent under the provisions of the 1939 Code:

| Year | Deficiency |
|---|---|
| 1950 | $1, 789. 27 |
| 1951 | 3, 423. 24 |
| 1952 | 388. 49 |

The issues are: (1) Whether petitioner may deduct the entire amount of insurance premiums paid during the years in issue in computing its income for such years, when a part of such premiums was for insurance coverage in years subsequent to those in which the premiums were paid; and (2) if not, whether petitioner may deduct that portion of insurance premiums paid in 1947, 1948, and 1949, which was for insurance coverage for 1950, 1951, and 1952, in computing its income for such latter years, even though it deducted the full amount of premiums paid in 1947, 1948, and 1949 in computing its income for those years.

All of the facts were stipulated, are so found, and are incorporated herein by this reference.

Petitioner, a Missouri corporation, kept its books and reported its income on the cash receipts and disbursements method and filed its returns for the years 1950 and 1951 with the collector of internal revenue for the first district of Missouri, and its return for the year 1952 with the director of internal revenue at St. Louis.

Since its incorporation in 1905, petitioner has been engaged in the business of owning and managing real estate. Petitioner covered its properties with insurance protection for which it paid the following premiums during the years indicated:

| Year | Amount | Year | Amount |
|---|---|---|---|
| 1947 | $7, 596. 15 | 1950 | $7, 576. 43 |
| 1948 | 10, 966. 58 | 1951 | 13, 125. 74 |
| 1949 | 9, 835. 06 | 1952 | 9, 794. 67 |

The insurance coverage for which the above premiums were paid was in many instances for years subsequent to the year in which the premium was paid.

In computing its taxable income, the petitioner deducted the aforementioned premium payments in the year in which such payments were made.

Set forth below are the prorated portions of insurance premiums paid in 1947, 1948, and 1949, applicable to the years 1950, 1951, and 1952:

| Year | Amount |
|---|---|
| 1950 | $6, 295. 19 |
| 1951 | 3, 705. 11 |
| 1952 | 1, 253. 25 |

Set forth below are the prorated portions of insurance premiums paid in 1950, 1951, and 1952, applicable to such years:

| Year | Amount |
|------|--------|
| 1950 | $3, 092. 05 |
| 1951 | 6, 025. 41 |
| 1952 | 9, 171. 40 |

Of the total amount of premiums paid for insurance during 1950, 1951, and 1952, the amount of $12,207.98 was attributable to years subsequent to the year 1952. The respondent disallowed the deduction of that sum during the years in issue.

In support of his determination that the portion of insurance premiums paid by the petitioner during the years in issue, which was applicable to years subsequent to 1952, should be disallowed as a deduction and prorated to subsequent years, the respondent argues that after several changes of positions on this question, he, this Court, and the Court of Appeals for the First Circuit are now in accord that insurance premiums paid by a cash basis taxpayer in one year, for insurance coverage extending over several years, must be prorated over such years.

We think the respondent's determination is correct and that his argument in support thereof accurately states the law with respect to this issue. *Commissioner* v. *Boylston Market Ass'n*, 131 F. 2d 966 (C. A. 1, 1942) ; *Martha R. Peters*, 4 T. C. 1236 (1945) ; and 1943 C. B. 213.

We now turn to petitioner's alternative argument that if insurance premiums which it paid during the years in issue must be prorated over the years of the insurance coverage purchased by such premiums, it should be entitled to deduct, from its income during the years in issue, the portions of premiums paid in 1947, 1948, and 1949 which are applicable to 1950, 1951, and 1952. In support of this alternative position, the petitioner cites *Commissioner* v. *Dwyer*, 203 F. 2d 522 (C. A. 2, 1953), affirming a Memorandum Opinion of this Court, filed June 29, 1951; *David W. Hughes*, 22 T. C. 1 (1954) ; *Clement A. Bauman*, 22 T. C. 7 (1954) ; *Heer-Andres Investment Co.*, 17 T. C. 786 (1951) ; *Robert G. Frame*, 16 T. C. 600 (1951), affd. 195 F. 2d 166 (C. A. 3, 1952) ; and *Estate of Samuel Mnookin*, 12 T. C. 744 (1949), affd. 184 F. 2d 89 (C. A. 8, 1950).

The Court of Appeals in *Commissioner* v. *Boylston Market Ass'n*, *supra*, in speaking of prepaid insurance said, page 968 :

To permit the taxpayer to take a full deduction in the year of payment would distort his income. * * * Prepaid insurance for a period of three years may be easily allocated. It is protection for the entire period and the taxpayer may, if he desires, at any time surrender the insurance policy. It thus is clearly an asset having a longer life than a single taxable year. The line to be drawn between capital expenditures and ordinary and necessary business expenses is not always an easy one, but we are satisfied that in treating prepaid insurance as a capital expense we are obtaining some degree of consistency in these matters. * * *

We think the respondent's argument to the effect that a taxpayer is entitled to recover his cost of a prepaid expense once and only once is correct. This means that if a taxpayer, whether intentionally or by honest mistake, expenses in one year, an expenditure which should be prorated over several years, he cannot correct the mistake so made in an earlier year, now barred by the statute of limitation, in a subsequent year which is still open, since his cost has been completely recovered. *Reliable Incubator & Brooder Co.*, 6 T. C. 919 (1946); *Firemen's Insurance Co.*, 30 B. T. A. 1004 (1934). See also 4 Mertens, Law of Federal Income Taxation, sec. 23.26; *Johnson* v. *Commissioner*, 162 F. 2d 844 (C. A. 5, 1947), affirming 7 T. C. 465 (1946); *Orange Securities Corp.* v. *Commissioner*, 131 F. 2d 662 (C. A. 5, 1942), affirming 45 B. T. A. 24 (1941); and *Alamo Nat. Bank* v. *Commissioner*, 95 F. 2d 622 (C. A. 5, 1938), affirming 36 B. T. A. 402 (1937), certiorari denied 304 U. S. 577 (1938).

The cases on which the petitioner relies stand generally for the proposition that the Commissioner may not add to a taxpayer's income, in a year open for assessment, an item of income which properly was includible in an earlier year now barred by the statute. Those cases are obviously distinguishable on their facts from the one before us here, and are not applicable.

Reviewed by the Court.

*Decision will be entered for the respondent.*