ADVANCE TRUCK COMPANY, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59010.   Filed January 20, 1958.

*Charles H. Chase, Esq.*, for the petitioner.
*George E. Constable, Esq.*, for the respondent.

OPINION.

MULRONEY, *Judge:* Respondent determined a deficiency in the income and excess profits tax of petitioner for the year 1950 in the sum of $3,618.14. Petitioner does not contest respondent's adjustments which resulted in the deficiency but petitioner claims an overpayment of income tax for said year in the sum of $5,348.06.

The only question for decision is whether amounts, received in 1950 for services rendered in 1949, are includible in 1950 income when petitioner was properly on the accrual basis for reporting income in that year, and properly on the cash basis for reporting income in 1949.

All of the facts were stipulated and are found accordingly. Petitioner is a corporation organized and existing under the laws of the State of California with its principal place of business in Long Beach, California. During all of the years mentioned herein the petitioner

filed its tax returns on a calendar year basis with the then collector of internal revenue for the sixth district of California, Los Angeles, California, and his successor, the district director of internal revenue for the Los Angeles, California, district.

The petitioner is a common carrier and is engaged in the business of hauling and storing tubular goods for hire. It does not engage in manufacturing, processing, purchasing, or selling merchandise. Its business does not require the use of inventories, and inventories are not an income-producing factor. At no time mentioned herein has the petitioner changed its type of business operation.

From the date of its incorporation through December 31, 1949, it properly kept its books of account and properly reported its income for Federal income tax purposes on the cash receipts and disbursements method.

On January 16, 1950, the petitioner received a letter from the Interstate Commerce Commission informing the petitioner that it was classified as a class 1 motor carrier, and that effective as of January 1, 1950, the petitioner would be required to keep its accounts in conformity with the Uniform System of Accounts prescribed by the Interstate Commerce Commission.

The system of accounting prescribed by the Interstate Commerce Commission is set forth in Uniform System of Accounts for Class 1 Common and Contract Motor Carriers of Property, prescribed by the Interstate Commerce Commission in accordance with part II of the Interstate Commerce Act. The Uniform System of Accounts of the Interstate Commerce Commission prescribes an accrual method of accounting.

Section 222 (g) of the Interstate Commerce Act provides that willful failure or refusal to keep accounts and records in the form and manner prescribed by the Commission shall be a misdemeanor punishable by a fine of not more than $5,000 for each offense.

In conformity with the directive of the Interstate Commerce Commission the petitioner, as of January 1, 1950, changed its method of accounting to the method prescribed in the Uniform System of Accounts. Petitioner has kept its books and records on an accrual basis commencing January 1, 1950, to the present time.

On or before March 15, 1951, the petitioner filed its income tax return for the calendar year 1950, in which it reported gross receipts from its operations in the amount of $284,092.54. Included in this amount was income from services rendered in 1950 of $18,467.96 which was represented by accounts receivable at December 31, 1950. Also included in gross receipts was the sum of $20,431.48, which amount was collected during the month of January 1950, for services rendered during the month of December 1949. On the accrual method of

accounting, the latter amount would have represented accounts receivable at December 31, 1949.

The petitioner reported cost of operations in the amount of $140,629.46, which sum included the amount of $196.20 which represented accounts payable at December 31, 1950. The amount of income and excess profits tax shown to be due on the return was the sum of $27,603.51.

While petitioner stated on said income tax return that said return was made on the basis of cash receipts and disbursements, it actually was prepared on the accrual basis and the parties herein have so stipulated.

On or about December 3, 1951, the petitioner filed an amended income tax return for the calendar year 1950 showing an additional amount of income tax due. The total income and excess profits tax paid by the petitioner for the calendar year 1950 was in the amount of $29,545.18.

The petitioner has not at any time filed an application requesting the permission of the respondent to change the method of keeping its books of account or manner of reporting its income from a cash receipts and disbursements method to an accrual method.

On May 11, 1955, respondent issued a notice of deficiency in which he accepted petitioner's income tax return for the calendar year 1950 which was prepared and filed upon the accrual basis. In this statutory notice of deficiency certain adjustments were made which, as stated, are not contested here, but respondent did not eliminate from the petitioner's income for 1950 the accounts receivable at December 31, 1949. Petitioner now concedes that respondent may require the petitioner to report its income on the accrual basis but contends that its income must be recomputed by eliminating the accounts receivable at the beginning of the year 1950.

The sole question here is whether the sum collected in 1950 on 1949 accounts receivable were properly included in 1950 income in view of the fact that petitioner was properly on the cash basis in 1949 and properly on the accrual basis in 1950. Petitioner's contention is that because it was properly on the accrual basis for reporting in 1950, these amounts were not taxable in that year. Respondent asserts that those amounts which were collected in 1950 constitute taxable income in that year regardless of petitioner's change in method of accounting to the accrual basis.

To sustain its position—that the amounts in controversy are not taxable in 1950—petitioner relies upon a line of cases where there was a change in the method of reporting and it was held the Commissioner could not include in the year of change to the accrual method, accounts receivable which should have been accrued in the prior year. Peti-

tioner cites *Commissioner* v. *Mnookin's Estate*, 184 F. 2d 89, affirming 12 T. C. 744; *Robert G. Frame*, 16 T. C. 600, affd. 195 F. 2d 166; *David W. Hughes*, 22 T. C. 1; *Clement A. Bauman*, 22 T. C. 7; *Welp* v. *United States*, 201 F. 2d 128; *Caldwell* v. *Commissioner*, 202 F. 2d 112; *Commissioner* v. *Dwyer*, 203 F. 2d 522; and *Commissioner* v. *Schuyler*, 196 F. 2d 85.

In none of the cited cases did the taxpayer in the years before the changeover keep its books and compute and report its income on an entirely proper basis. That is an important distinction. In the cited cases the Commissioner was attempting to tax amounts that had not been received or that should have been accrued as income in a prior year not before the Court. That is not true here. The amounts here in controversy were all received in 1950 and were not income in 1949, even though earned in that year, because petitioner at that time was properly reporting income on a cash basis.

Section 42 of the Internal Revenue Code of 1939 provides, in part, that—

The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. * * *

It cannot be argued that the receipt of $20,431.48 in January 1950 for services rendered was anything other than an item of gross income. The narrow question is whether this item for services is includible in gross income in 1949 when the services were rendered or 1950 when the $20,431.48 was received in payment for said services.

The statute is designed to see to it that all items of gross income shall be properly accounted for in gross income for some year. No item of gross income is to escape. It names the year "in which received" as the proper year to include the item unless, by virtue of some permissible method of accounting, the item is to be properly accounted for as of a different period. Since the $20,431.48 was *received* in 1950, that is the year it is to be included in gross income unless petitioner can show the item should have been "properly accounted for" in 1949. Far from showing that this item should have been properly accounted for in 1949, petitioner in effect stipulates that this item could not have been "properly accounted for" in 1949. That is the full force of the stipulation that petitioner in the year 1949 "properly kept its books of account and properly reported its income for Federal income tax purposes on the cash receipts and disbursements method." In short, the stipulated facts preclude the application of the "unless" clause of the statute.

With no other year for properly accounting for the item the command of the statute is that the year "in which received," or in this case 1950, is the year the item is to be included in gross income.

The fact that the change from the cash to the accrual method of keeping its books was involuntary, and done upon the order of the Interstate Commerce Commission, is not material. Petitioner, when it filed its 1950 return on the accrual basis was merely following section 41, I. R. C. 1939, by making a conforming change in its method of reporting income. Respondent expressly accepted the change to the accrual method of reporting as he had a right to do. *Josef C. Patchen*, 27 T. C. 592.

Petitioner's argument on brief is that since it was "required" to make the change from cash to accrual method of reporting, the respondent cannot "require the taxpayer to report as income in the year of change items which are not income or do not represent income according to the accrual method." The answer to this argument is that under section 42, *supra*, every taxpayer is *required* to report every item of gross income that he receives in some year. It is either the year of receipt or some other year when it could be properly accounted for. When, as here, there is no other year when it could properly be accounted for, then the fact that the year of receipt is an accrual year for reporting, is immaterial. The statute does not say the item shall be included in income in the year of receipt, if that would be proper according to the method of accounting then being employed by the taxpayer. The method of accounting of the taxpayer in the year of receipt, and whether that method was the result of a voluntary or involuntary changeover, are both immaterial.

*Decision will be entered for the respondent.*