George V. Gilbert v. Commissioner.
Gilbert v. Commissioner
Docket No. 31627.
United States Tax Court
1952 Tax Ct. Memo LEXIS 174; 11 T.C.M. (CCH) 610; T.C.M. (RIA) 52183; June 18, 1952
*174 The respondent, in changing petitioner's method of reporting income from cash to accrual basis, erroneously adjusted taxable income for 1945 by including accounts receivable as of January 1, 1945, representing sales for prior years. The addition of the five per cent negligence penalty under section 293(a), Internal Revenue Code, disallowed for each of the taxable years in question. Richard E. Thigpen, Esq., for the petitioner. E. M. Woolf, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion LEMIRE, Judge: Petitioner seeks a redetermination of deficiencies in income taxes and penalties as follows: 5% Negligence
Year
Deficiency
Penalty
1945
$51,849.08
$2,592.45
1946
37,544.99
1,877.25
The contested issues are (1) whether the respondent erred in including in petitioner's income for 1945 accounts receivable as of January 1, 1945, representing sales in prior years; and (2) whether the respondent properly added a five per cent penalty for each of the taxable years pursuant to section 293(a) of the Internal Revenue Code. The case was submitted on a stipulation *175 of facts and oral testimony and exhibits. The stipulated facts are found accordingly. Findings of Fact The petitioner is an individual residing at Charlotte, North Carolina. Since 1933 petitioner has been engaged in the wholesale automotive parts business trading as Piedmont Auto Exchange. Petitioner's returns for the periods involved were filed with the collector of internal revenue for the district of North Carolina. The petitioner's books and records were kept on the accrual basis, except receipts from credit sales, and expenses were kept according to the amount paid out by check or memorandum expenses out of the cash register. The income tax returns of petitioner for the taxable years 1945 and 1946 were prepared and filed on a cash basis. The respondent changed petitioner to the accrual basis of reporting income for such years. The petitioner did not request the respondent to make any adjustment in the method of reporting his business income for 1945. The respondent adjusted petitioner's taxable income for 1945 by adding to income the full amount of petitioner's accounts receivable at December 31, 1945, without taking into consideration the accounts receivable as of *176 January 1, 1945. The petitioner's accounts receivable at the dates indicated were as follows: 1-1-45
$40,646.17
12-31-45
$60,795.44
1-1-46
60,795.44
12-31-46
85,843.78
The petitioner's opening and closing inventories for 1945 and 1946 were as follows: Opening
Inventory
Closing
Inventory
1-1-45
$64,220.80
12-31-45
$70,907.98
1-1-46
70,907.98
12-31-46
86,116.57 The petitioner's net sales (i.e., gross sales less discounts and allowances) were $426,119.06 in 1945 and $757,451.54 in 1946. The petitioner's merchandise purchases for resale were $280,368.38 in 1945 and $540,959.81 in 1946. The petitioner's expenditures for business expenses (other than merchandise purchases) were $99,757.20 in 1945 and $149,406.04 in 1946. The petitioner had other deductible items in the years 1945 and 1946 as follows: Amount
Amount
Deductible
Deductible
Character
in 1945
in 1946
Bad debts
$ 1,057.55
$ 3,148.41
Depreciation
2,859.25
4,664.83
Contributions
1,877.00
2,781.00
The petitioner had other income in the taxable years 1945 and 1946 as follows: 1945
1946
Salaries
$ 5,950.00
$ 7,636.00
Dividends
2,760.74
2,227.00
Recognized long-term
capital gains
1,076.25
3,987.57
Interest on bonds
1,050.00
1,050.00
Total
$10,836.99
$14,900.57
*177 In his return for the taxable year 1945 petitioner reported total receipts of $396,464.34 and for the taxable year 1946 $654,100. No part of the deficiency in tax due for the respective taxable years 1945 and 1946 is due to negligence or intentional disregard of rules and regulations. Opinion The principal issue presents the question whether the respondent in requiring the petitioner to change from the cash to the accrual method of reporting his income on which his books were kept erred in including in income for 1945, the year of the change, the accounts receivable as of January 1, 1945, representing sales in the prior years. The facts material to this issue have been stipulated. The petitioner has always kept his books on the accrual basis of accounting. In the taxable years 1945 and 1946, and in all prior years, the petitioner filed his returns on the cash basis. The petitioner concedes the respondent's authority to require him to report his income on the accrual basis and that certain adjustments are necessary to reflect his tax liability. The petitioner contends that the respondent in making his adjustments by including the accounts receivable as of January 1, 1945, representing *178 sales for prior years, in income for 1945 is taxing him on income properly taxable in prior years. The position of the respondent is that the accounts receivable as of January 1, 1945, will entirely escape taxation if not included in the year the change is made in the method of reporting income. Since the instant case involves no change in the method of keeping the petitioner's books, but merely a change in his method of reporting income, the contention of the petitioner has been sustained by the decisions of this Court which have had the approval of three separate courts of appeals. Estate of Samuel Mnookin, 12 T.C. 744, affd. 184 Fed. (2d) 89 (C.A. 8); Robert G. Frame, 16 T.C. 600, affirmed per curiam, 195 Fed. (2d) 166 (C.A. 3); Commissioner v. Schuyler, 196 Fed. (2d) 85 (C.A. 2, April 14, 1952), affirming memorandum opinion May 11, 1951 [10 TCM 439,]; Commissioner v. George H. Cohn and Camille Cohn, 196 Fed. (2d) 1019 (C.A. 2, June 3, 1952), affirming memorandum opinion May 11, 1951 [10 TCM 437,]. The Schuyler and Cohn cases, supra, were affirmed so recently they are *179 not referred to in the briefs filed here. The respondent, on brief, states that he is not in accord with the decisions in the Mnookin and Frame cases, supra. We think the authorities cited control the disposition of this issue. We, therefore, hold the respondent erred in including the accounts receivable as of January 1, 1945, in computing the petitioner's taxable income on the accrual basis of reporting his income for that year. The second issue involves the propriety of the imposition of the negligence penalty under section 293(a) of the Internal Revenue Code. That section authorizes a five per cent addition to the deficiency if any part of the deficiency is due to negligence or intentional disregard of rules and regulations but without intent to defraud. While it is obvious that the petitioner erroneously reported his income in the taxable years involved on a cash basis, the evidence shows that such practice has been followed for many years, and the principal part of the deficiencies determined results from the change required by the respondent in the method of reporting income. The petitioner kept sufficient books and records from which his accrued *180 income could be ascertained. We are unable to discover in this record any basis sufficient to support a finding of negligence or intentional disregard of rules and regulations. The five per cent addition to the deficiencies to be determined under Rule 50 is, therefore, disallowed. Decision will be entered under Rule 50.