Hayes M. Booher and Edna M. Booher v. Commissioner.
Booher v. Commissioner
Docket No. 37516.
United States Tax Court
1953 Tax Ct. Memo LEXIS 263; 12 T.C.M. (CCH) 496; T.C.M. (RIA) 53159; May 5, 1953
*263 Petitioners erroneously reported their income tax for the calendar year 1947 and prior years on the cash basis. Petitioners maintained books on the accrual basis and respondent correctly determined that 1947 income should be computed on the accrual basis. Held, having accrued in prior years, the income from the accounts receivable outstanding on January 1, 1947 should not be included as income for 1947. Caldwell v. Commissioner, - Fed. (2d) -. February 18, 1953, affirming T. C. Memorandum Opinion, followed. Matthew V. Byrne, Jr., Esq., 308 Herald Building, Syracuse, N. Y., for the petitioners. Paul M. Stewart, Jr., Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioners' income tax for the year 1947 of $24,177.36. The deficiency is due to several adjustments made to the net income of petitioners as reported on their return. The principal adjustment which the Commissioner made was to add to petitioners' net income "Sales understated $36,917.53" which he explained as follows: "Taxpayer reported only cash on his original return; he failed to include Sales on Account and since he was *264 keeping a double entry set of books, we determined the unreported accrual sales from Accounts Receivable Ledger, taking open accounts, as of Dec. 31, 1947. Taxpayer changed his method of accounting in 1948 from cash to accrual without permission of the Commissioner, he made no adjustments to year of 1947 before our examination. See Sect. 29.41-3." Petitioners assign error to the adjustment above as follows: "a. That when the Commissioner of Internal Revenue in his report, Exhibit 'B', and in the Notice of Deficiency, Exhibit 'A', added to the net taxable income of the petitioners for the year 1947 the amount of the accounts receivable outstanding on the books of accounts and records of the petitioners as of December 31, 1947, thereby changing the method of reporting income from the cash basis to the accrual basis, the Commissioner of Internal Revenue should have taken into consideration the amount of the accounts receivable outstanding as of January 1, 1947 by reason of the fact that such accounts receivable outstanding at the beginning of that taxable year do not represent income taxable in the year 1947, and the Commissioner of Internal Revenue should have excluded the amount *265 of accounts receivable outstanding as of January 1, 1947 from the taxable income for that year." In support of the foregoing assignment of error petitioners alleged facts as follows: "7. The facts upon which the petitioners rely as sustaining the assignment of error as above alleged are as follows: * * *
"(e) The books and records of accounts of such lumber business clearly and accurately disclosed that on and as of January 1, 1947, the amount of accounts receivable outstanding relative to the said lumber business was in the sum of $25,850.70." Respondent in his answer denied the foregoing allegation of fact. Petitioners do not contest the other adjustments. Findings of Fact The facts have been stipulated and are found accordingly. The petitioners are husband and wife and reside in Syracuse, New York. The tax involved is income tax for the calendar year 1947. The joint Federal income tax return of the petitioners for that period was filed with the Collector of Internal Revenue for the 21st District of New York at Syracuse. During the year 1947 and for many years prior thereto, petitioner Hayes M. Booher was engaged in the wholesale and retail sale of lumber and *266 wood products, together with the manufacture of lumber and lumber products at Nedrow, Onondaga County, New York. Federal income tax returns of the petitioners with respect to such lumber business for the year 1947 and prior years were filed on a cash basis. For the year 1947 and for years prior thereto and subsequent thereto, the sales records of the lumber business herein were kept and maintained at all times on an accrual basis for the calendar year. The books and records of account of such lumber business of the petitioners for the year 1947 and prior years accurately, correctly, and properly reflected and disclosed the amount of accounts receivable at all times. The correct and proper income of the petitioners' lumber business for all years could be determined from the record of sales. Accounts payable with respect to the operation of the lumber business were all paid before the end of the taxable year. Inventories were maintained and were used in computing the tax liability of the petitioners. For the year 1947, for the years prior thereto, and for the year 1948, there was no change in the method of accounting or the manner in which the books and records of the lumber business *267 were kept or maintained, but in 1948 the petitioners added to gross receipts the amount of accounts receivable outstanding as of December 31, 1948. Opinion BLACK, Judge: The petitioners filed their income tax returns on the cash basis for the calendar year 1947 which is before us and for prior years. In the deficiency notice respondent determined that petitioners should have been on the accrual basis and increased 1947 sales by the accounts receivable outstanding as of December 31, 1947. During 1947 and prior years petitioners maintained their sales receipts on the accrual basis, kept records of accounts receivable and payable, and required inventories to determine income. Hence petitioners should have reported income for tax purposes on the accrual basis in all years. Caldwell v. Commissioner - Fed. (2d) -, February 18, 1953, affirming T. C. Memorandum Opinion. The particular adjustment, including the accounts receivable outstanding on December 31, 1947 as 1947 sales income, is therefore correct. Respondent states the issue presented in his brief as follows: "Where the petitioner, Hayes M. Booher, maintained accurately and correctly the books of account and records relating *268 to the lumber business sales upon the accrual method of accounting during the taxable year 1947 and in years prior thereto, and where the petitioners' income tax returns were filed on the cash receipts and disbursements basis during said years, did the respondent err in adding to petitioners' taxable income as unreported sales in 1947 the amount of the accounts receivable outstanding on December 31, 1947?" Respondent's statement of the issue is not correct. Petitioners do not contest the correctness of the Commissioner's action in adding to their sales for 1947 the amount of accounts receivable shown on their books December 31, 1947, of $36,917.53. What petitioners do content in their assignment of error is that "The Commissioner of Internal Revenue should have excluded the amount of accounts receivable outstanding as of January 1, 1947 from the taxable income for that year." The dispute, therefore, concerns petitioners' assignment of error whereby they contend that the accounts receivable outstanding on January 1, 1947, the beginning of the taxable year, should have been excluded for sales. The income from these accounts receivable accrued and should have been reported in years *269 prior to 1947. Petitioners' books, but not their pre-1947 tax returns, were kept on the accrual basis. Since income taxes are computed on an annual basis, respondent cannot correct income erroneously omitted in earlier years by including it in the 1947 return since the income did not accrue in 1947. Caldwell v. Commissioner, supra; Commissioner v. Cohn, 196 Fed. (2d) 1019, affirming T. C. Memorandum Opinion; Estate of Samuel Mnookin, 12 T.C. 744, affirmed 184 Fed. (2d) 89; Robert G. Frame, 16 T.C. 600, affirmed 195 Fed. (2d) 166; Welp v. United States, 201 Fed. (2d) 128, January 16, 1953. In his brief respondent disputes the validity of the foregoing cases and says: "The respondent believes that the Court should follow the decision reached in the case of William Hardy Inc. v. Commissioner ( C.C.A. 2d, 1936) 82 Fed. (2d) 249." In the recent case of Commissioner v. Dwyer, 203 Fed. (2d) 522, April 13, 1953, the Second Circuit expressly overruled its former decision in Hardy v. Commissioner, 82 Fed. (2d) 249. Therefore, that case is no longer authority. As we have already *270 pointed out, petitioners' assignment of error does not contest the correctness of respondent's action in adding to the sales for 1947 the amount of accounts receivable on hand at December 31, 1947, of $36,917.53. What they contend is that in his determination of the deficiency on the accrual basis, the Commissioner should have excluded the amount of accounts receivable which petitioners had on their books January 1, 1947, as they represented income accrued in a prior year. The amount of such accounts receivable on petitioners' books has not been stipulated. However, the stipulation of facts which has been filed reads in such a way that we infer that there is no disagreement between the parties as to what the amount of these accounts receivable was January 1, 1947. Neither party discusses this question in their briefs and we take it that there is no disagreement between the parties on this subject. If there is disagreement between the parties as to this essential fact, then, of course, a computation under Rule 50 will not be possible and the proceeding will have to be reopened for the receipt of further evidence or an agreed stipulation of fact covering that one item. The issue of *271 law presented to us by the parties is decided in favor of the petitioners. We have not understood that there was any issue of fact. Decision will be entered under Rule 50.