WILLIAM H. GOODRICH AND LLELVEN GOODRICH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51181. Filed March 15, 1956.

*Sewell Van Alstine, Esq.*, for the petitioners.
*Nat F. Richardson, Esq.*, for the respondent.

### OPINION.

MULRONEY, *Judge:* The Commissioner determined a deficiency in the petitioners' income tax in the amount of $5,774.72 for the year 1949, and in the amount of $516.52 for the year 1950.

All of the stipulated facts are herein incorporated by this reference.

William H. Goodrich and his wife, Llelven, filed joint income tax returns for the years involved with the then collector of internal rev-

enue for the district of Iowa at Des Moines, Iowa. William H. Goodrich shall hereinafter be referred to as the petitioner.

The petitioner, during the years here involved, operated two agencies for the sale of farm implements. Prior to 1949, the petitioner kept his books and filed his income tax returns on a calendar year accrual basis, with the exception of sales. Only cash sales, plus collections from accounts receivable, were reported by the petitioner on the annual income tax returns for the years prior to 1949. On December 31, 1948, the books of the petitioner showed accounts receivable in the amount of $13,812.86. No part of this amount had ever been reported as income by the petitioner. In 1949 the petitioner, without obtaining the consent of the Commissioner, changed his method of accounting to a strict accrual method and reported his income for the years 1949 and 1950 on that basis.

The respondent, in determining the petitioner's income for 1949, included the amount of $13,812.86, which represented the amounts receivable on hand on December 31, 1948. In computing his income tax for the year 1949, the petitioner deducted $620.64 for uncollectible accounts receivable. This deduction relates to accounts receivable, all of which had arisen before January 1, 1949. In his return for 1950, the petitioner deducted $1,070.99 for uncollectible accounts receivable. Of the amount so deducted, $152.61 was made up of accounts receivable which had been held by the petitioner prior to 1949, and the balance of the deduction, $918.38, came from accounts receivable which had arisen after January 1, 1949, and had been reported as income in the proper year under the accrual method of accounting. The respondent disallowed the deduction of $620.64 in 1949, and $152.61 of the 1950 deduction. It has been conceded by the respondent that the amount of $918.38 was properly deducted by the petitioner in 1950.

Section 29.41–2 of Regulations 111 provides that a taxpayer must secure the consent of the Commissioner before changing his method of accounting, and that such consent "will not be granted unless the taxpayer and the Commissioner agree to the terms and conditions under which the change will be effected." The respondent argues that since the petitioner changed to a strict accrual method of accounting voluntarily, and without the consent of the Commissioner, there should be included in the petitioner's income in the year of change the amount of the $13,812.86, which was the accounts receivable accrued in 1948 but unreported in that year's income.

We agree with the respondent. The consent must be obtained by a taxpayer from the Commissioner in order to change from one accounting method to another. Regs. 111, sec. 29.41–2. To prevent income from otherwise escaping taxation, or to prevent the duplication of deduction items, the Commissioner can enforce appropriate adjustments to accompany the change in accounting method. *Gus Blass*

*Co.*, 9 T. C. 15. Here, the Commissioner's consent might be implied from his acceptance of the changed method of reporting. *Gus Blass Co., supra; Fowler Brothers & Cox, Inc.*, 47 B. T. A. 103, 109, affd. 138 F. 2d 774. In accepting the petitioner's changed method of reporting income for the year involved here, the Commissioner adjusted that year's income by including the amount of $13,812.86, which represented accounts receivable accrued in 1948. This item was not reported by the petitioner in income for 1948, and it is obvious that the adjustment sought here by the Commissioner is necessary to prevent that item from escaping taxation. It is difficult to see why the petitioner should be placed in a more favorable position than if he had complied with the regulations in obtaining the Commissioner's consent with the condition that the appropriate adjustments be made. We believe that this adjustment is necessary under the circumstances; it is the type of adjustment ordinarily required by the Commissioner in consenting to changes in accounting method such as we have here. We hold that the amount of $13,812.86 is includible in the petitioner's income for the year 1949.

The petitioner's accounting method in prior years was essentially an accrual method, and this was the required method for his type of operations. However, only cash sales were included in income, instead of accruing accounts receivable as they arose, which would have been proper under a pure accrual method. Petitioner argues that this method was clearly wrong and that in changing over to the correct method in 1949 it was unnecessary to obtain the Commissioner's consent. We cannot agree with this contention. It is not at all evident that the petitioner's method of accounting, consistently applied, would result in tax consequences that would differ greatly over the years from a strict accrual method. Petitioner cites *Caldwell v. Commissioner*, 202 F. 2d 112, affirming a Memorandum Opinion of this Court filed June 29, 1951, and *Dwyer* v. *Commissioner*, 203 F. 2d 522, affirming a Memorandum Opinion of this Court filed June 29, 1951, in support of his position, where it was held the Commissioner cannot make a similar adjustment where he requires the change in accounting method. The cases are not in point for here the Commissioner did not require the taxpayer's change in accounting method. Were we to uphold petitioner's argument here it would be a premium on not obtaining the Commissioner's consent for a change in accounting method. We hold that a taxpayer who does not first obtain consent for a voluntary accounting change is subject to the same adjustment order as one who does. The reasons for requiring the adjustment are present in both cases.

The second issue involves the deductibility of bad debts by the petitioner in the years 1949 and 1950, $620.64 being the amount deducted in the earlier year, and $1,070.99 in the later one. The deduction in

1949 relates to accounts receivable held by the petitioner on January 1, 1949, before the change in the accounting basis; only $152.61 of the 1950 deduction was connected with the pre-1949 accounts receivable, the remainder of the deduction ($918.38) being due to accounts receivable since January 1, 1949. It has been conceded by the Commissioner that the sum of $918.38 was properly deducted in 1950.

The Commissioner's only argument for the disallowance of these bad debt deductions in the years 1949 and 1950 was based on the assumption that the adjustment for accounts receivable, in the amount of $13,812.86, would be disallowed for the year 1949. Our disposition of that issue in the Commissioner's favor, therefore, appears to eliminate any objection to these deductions. We hold that the petitioner's deductions for bad debts amounting to $620.64 in 1949 and $152.61 in 1950 should be allowed.

*Decision will be entered under Rule 50.*